# Fisher *versus* Saylor.

1. Fisher sold a house to Saylor, agreeing to make good any loss of Saylor in a resale. Saylor sold for less than he gave. In an action against Fisher for the difference there was evidence that the sale of Saylor was collusive and fraudulent. In answer to a point the court charged, if there was any collusion between Saylor and his vendee in the sale then Saylor "cannot recover more than the difference between a fair price for the house, and the amount paid to Fisher." *Held* to be error; the fraud would prevent Saylor from maintaining the action.

2. Although there were no fraud in the original contract the foundation of Saylor's right of action, yet as the sale by him was a condition precedent, he was bound to sell in good faith, and if the sale was collusive, it was fraudulent as to Fisher; it was as if there had been no sale and there was no right of action.

3. If the sale had been honestly made, although for less than the market value, Saylor could recover the difference between a fair value and the price paid Fisher.

4. A right of action cannot arise out of a fraudulent contract, nor out of the fraudulent performance of a condition of the contract.

March 2d 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON and PAXSON, JJ.

Error to the Court of Common Pleas of *Schuylkill county :* Of January Term 1873, No 112.

This was an action of assumpsit, brought to the June Term 1870, of the court below, by Daniel Saylor against Daniel B. Fisher.

The plaintiff's cause of action was, that on the 1st of August 1864, he had sold certain real estate in Schuylkill county to the defendant; in payment of the consideration the defendant, amongst other things, conveyed to the plaintiff a house in Philadelphia at $950, under an agreement that if the defendant came whole out of the real estate he bought, he would make up to plaintiff any loss he might sustain on the sale of the house. In March 1868, the plaintiff sold the house for $133.33; the suit was brought to recover the difference between that sum and $950.

The case was tried March 20th 1872, before Walker, J.

The plaintiff testified as to the sale of the two properties; after some negotiation as to the plaintiff taking defendant's house in part payment, the defendant said that if plaintiff would take the house, he, defendant, would sustain all losses plaintiff might have, if he,

[Fisher *v.* Saylor.]

defendant, did not lose on the land; the plaintiff then "told him, if you lose on the land, I do not want you to make up my loss on the house. He then agreed to that, provided that he came out whole on his land." He testified that he had sold the house to Mahlon H. Saylor, his brother, for $133, and that was all he had got out of the property.

On cross-examination, plaintiff testified that the sale to his brother was a private sale; he had not advertised the property for sale; he had not given the defendant notice that he was about selling the house. He gave evidence that the defendant had made a profit on the land sold to him. He gave evidence for the purpose of showing that the house was of little value and was sold for as much as it was worth.

The purchaser testified that he was agent for the plaintiff, for three adjoining houses, including the one in question; he bought the three for $400, held them for about a year and sold them for $1750, after having put some repairs on them.

The defendant testified as to the original contract and as to the value of the house. He had not known of its sale till he was informed by letter from plaintiff. He saw plaintiff, who told him for what he had sold it, and asked him to pay the difference; the defendant refused, saying that he would have taken the house back at the price he had sold it for; plaintiff said he could not do that, as it was sold.

The defendant gave evidence that the house in question was the most valuable of the three sold by plaintiff to his brother; and that the two others had been sold about seven months after the sale by the brother for $1620; that the house in question was worth $900 to $950, and that it had been sold to defendant for $950 in July 1864.

The evidence of defendant was principally to show that the sale by the plaintiff to his brother was collusive and fraudulent.

Amongst other things, the defendants requested the court to charge:—

" That the sale being private and without notice to the defendant, and to the brother of the plaintiff, the jury are to scan the evidence closely, and if there be any evidence of collusion in the sale from the plaintiff to his brother, there can be no recovery in this case by the plaintiff."

The court answered:—

" We say that if there was any collusion between Daniel Saylor and Mahlon Saylor in the sale of the property, then the plaintiff cannot recover more than the difference between a fair price for the house and the amount paid to Fisher."

The verdict was for the plaintiff for $500.

The defendants took a writ of error, and, amongst other things, assigned for error the foregoing instructions of the court.

*G. R. Kaercher* and *G. E. Farquhar* (with whom was *F. W. Hughes*), for plaintiff in error.—If the sale of the plaintiff to his brother was fraudulent, there could be no recovery at all. Collusion resulting in loss to a third person is the same as fraud : Kerr on Fraud 195; Miller's Appeal, 6 Casey 492; Blystone *v.* Blystone, 1 P. F. Smith 376; Evans *v.* Matson, Id. 372. The sale by Saylor of the house to determine his loss was to be bonâ fide ; if fraudulent, no right of action against Fisher could be deduced from it : Gilbert *v.* Hoffman, 2 Watts 66.

*J. W. Ryon* (with whom was *J. Wright*), for defendant in error.—Fisher was compensated by allowing full value for the house, being more than Saylor had sold it for : Sedgwick on Damages 333, 334, 655, 656, 657; Page *v.* Parker, 40 N. H. 47 ; Thompson *v.* Burgey, 12 Casey 403; Hahn *v.* Cummings, 3 Iowa 583 ; Reynolds *v.* Cox, 11 Indiana 226.

Mr. Justice WILLIAMS delivered the opinion of the court, October 18th 1875.

The defendant below purchased of the plaintiff an undivided interest in certain real estate in Schuylkill county, and conveyed to him a house and lot in the city of Philadelphia, in part payment of the consideration, and agreed that he would make good any loss the plaintiff might sustain in the sale thereof, if he came out whole in the sale of the land. The plaintiff sold the house and lot for about one-seventh of the price for which the property was conveyed to him, and brought this action to recover the difference. The defendant admitted that he had sold the land at a profit, but alleged that the plaintiff had fraudulently sold the house and lot at an undervalue, and for this reason, among others, was not entitled to maintain the action. It appeared from the plaintiff's own testimony, that he sold the property to his brother at private sale, without advertising it, or giving the defendant notice of his intention to sell it ; and it was shown by a number of witnesses, well acquainted with the property, that it was sold for a price greatly below its value, and for much less than it would have brought at public sale. The defendant contended that the circumstances under which the property was sold, as disclosed by the evidence, showed that the sale was collusive and fraudulent, and he requested the court to charge the jury that if there was any evidence of collusion in the sale, from the plaintiff to his brother, there can be no recovery by the plaintiff. In answer thereto, the court said, that if there was any collusion between the plaintiff and his brother, in the sale of the property, then the plaintiff cannot recover more than the difference between a fair price for the house and the amount paid to the defendant. This instruction is assigned as error, and presents the only material question in the

[Fisher *v.* Saylor]

case. Was the plaintiff then entitled to recover the difference between what the property was fairly worth and the sum or price for which it was conveyed to him, if the sale was collusive ? Or was it such fraud as would disable him from maintaining the action ? It is strenuously insisted, on behalf of the plaintiff below (the defendant in error), that this instruction was correct, for the reason that the plaintiff' s right of action was founded on the contract, and if there was no fraud in the contract, it was valid and binding on the parties, and the plaintiff's subsequent fraud in the sale of the property, could not have the effect of avoiding the contract, or of extinguishing his right of action thereon. Its only effect, as contended, would be to prevent the plaintiff from using the sale as evidence of the value of the property, or of the amount of the loss which he had sustained, but it would not prevent him from recovering the difference between the actual or market value of the property and the amount for which it was conveyed to him. It is true that the plaintiff's right of action is founded on the contract, and though it was honestly made, it does not follow that the plaintiff is entitled to maintain an action upon it, if the sale was collusive and fraudulent. By the very terms of the agreement, no liability could arise upon the contract, unless the plaintiff sold the property for less than the sum for which it was conveyed to him. A sale of the property was, therefore, a condition precedent to his right of action. But it was his duty to sell the property, in good faith, for the best price that could be obtained for it, and if he collusively sold it for less, the sale was a nullity, so far as respects the defendant ; and if so, the plaintiff has no more right to maintain the action than he would if he had made no sale. If the sale was collusively made, for the purpose of defrauding the defendant, why should the plaintiff acquire any right of action against him thereby ?

If it had been honestly and fairly made, though for less than the actual or market value of the property, the plaintiff might be entitled, as the court instructed the jury, to recover the difference between what the property was fairly worth and the price at which it was conveyed to him. But if it was collusive, and made with the intent of defrauding the defendant, the plaintiff, if entitled to maintain the action, can only maintain it through and by means of the fraudulent sale. But what difference does it make, so far as it respects the plaintiff's right to maintain the action, whether the fraud through which he claims was in the making of the contract, or in making the sale ? If a right of action cannot arise out of a fraudulent contract, why should it arise out of the fraudulent performance of a condition of the contract upon which the right of action depends? To hold that it might, would be a palpable disregard of the maxim that no man shall take advantage of his own wrong, nor be allowed to found any claim upon his own iniquity :

[Fisher *v.* Saylor.]

*Nemo ex proprio dolo consequitur actionem.* The court, therefore, erred in instructing the jury in effect, that if there was collusion between the plaintiff and his brother in the sale of the property, the plaintiff might recover the difference between a fair price for the house and the amount paid to the defendant. But there was no error in not affirming the point in answer to which the instruction was given. In asking the court to charge the jury that there could be no recovery by the plaintiff if there was *any* evidence of collusion in making the sale, the defendant asked too much. He was not entitled to the instruction prayed for, unless the jury were satisfied from the evidence that the sale to his brother was collusive, and the point should have been so framed. There is nothing of substance in the other assignments, and it would be a profitless task to discuss them.

Judgment reversed and a *venire facias de novo* awarded.