IGNACZ BUDRECKI, PLAINTIFF-RESPONDENT, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

· For the appellant, *John S. Forster.*

For the respondent, *Samuel Koestler* and *Melvin J. Koestler.* ·

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The plaintiff below, owner of an apartment house in the city of Elizabeth, Union county, insured the building, against the risk of fire, with the defendant and other companies and also took out with the defendant a rent loss policy, which insurance contract, in fact, and in all its particulars, was a standard fire insurance policy with a so-called rider approved by the commissioner of banking and insurance.

On May 28th, 1933, during the term of all of these policies, a fire took place and seriously damaged the building.

Immediate notice thereof seems, undisputedly, to have been given all the companies under all the policies.

On June 15th, 1933, one Hullenbach, an adjuster for the defendant-appellant, gave formal written notice to the respondent that the appellant company required formal proof of loss in accordance with chapter 340 (*Pamph. L.* 1911), under all its policies including the rent policy.

Proofs were timely made under all policies except the rent policy, the proof under which was not received by the appellant company until November 29th, 1933.

There appears to have been an investigation upon the part of the insurers as to the origin and cause of the fire because of which, and other delays, adjustments of fire losses were not reached until "the late fall of 1933," and a settlement of such losses not made until the middle of January, 1934. The repair and reconstruction of the building began at this time; some eight months after the fire. The appellant made no objection to, but received the proof of loss under the rent policy. It did not object to or refuse to receive it as being out of time until suit was commenced against it on February 2d, 1934, when by its answer it set up such failure as voiding the contract of insurance and a bar to the action against it.

The trial of the issue resulted in a verdict in favor of the plaintiff-respondent and from the judgment thereon the defendant below appeals, filing seven grounds of appeal.

These are argued in appellant's brief under two points:

## POINT 1.

a. The trial court erred in denying defendant's motion to strike out plaintiff's fourth reply to defendant's third separate defense as frivolous.

The third defense set up in full that portion of the policy requiring immediate notice of the fire and proof of loss; that in violation of such condition and although demand was made that assured should file a proof of loss within sixty days thereafter he failed to do so and by reason thereof the policy became void and the insurer, defendant, became relieved of all liability thereunder.

The plaintiff's fourth reply to this was:

"Defendant received, accepted and retained in its possession the proof of loss signed and sworn to by the plaintiff, without making any objection thereto and thereby waived any and all objection thereto, and thereby waived any and all provisions of said policy, if any, requiring the filing of a proof of loss within a specified or stated time."

Whether or not this reply should have been stricken seems to us to be of no moment, because, error, if there was, was harmless and the defendant was not thereby prejudiced in its defense.

It is true that the policy—inartistic as it is—being a standard fire insurance contract with a, so-called, rider adapting it as a rent loss policy, required a rendering of a statement "within sixty days after the fire," nevertheless an examination of the items enumerated and to be contained in such statement will at once and conclusively show that practically none, except by an unwarranted and implied construction, are applicable to a rent loss caused by a fire.

Further, we find nothing either in the contract of insurance or the statute which is invoked by the appellant (*Pamph. L.* 1911. *ch.* 340, *p.* 717) which makes for a forfeiture of the policy because of non-compliance in this particular. The penalty, in both instances, to be visited upon the assured is that he cannot maintain an action upon the policy until such proof of loss is forthcoming, and then not, unless such action is commenced within twelve months next after the fire.

Forfeitures are not favored by the courts. Contracts of insurance under which it is sought to create forfeitures will be construed most strongly against the insurer and will never be extended beyond the strict words of the policy. *Snyder* v. *Insurance Co.*, 59 *N. J. L.* 544, 550; *Johnson* v. *Grand Lodge*, 81 *Id.* 511, 515; *Autrim* v. *Telegraphers', &c., Association*, 93 *Id.* 213, 214; *Precipio* v. *Insurance Co.*, 103 *Id.* 589, 593; *Kissinger* v. *North American Union Life Assurance Society*, 108 *Id.* 405, 412.

b. The trial court erred in denying defendant's motion for a directed verdict.

Here, again, the argument appears to be that the assured not having filed a proof of loss within sixty days as provided by the policy and not within sixty days after notice under the statute (*Pamph. L.* 1911, *ch.* 340), a forfeiture of the contract was worked and the appellant was relieved of all liability under its policy of insurance.

As previously stated we have reached the conclusion that no forfeiture took place and, therefore, there was no error for this reason in refusing to direct a verdict.

c. The trial court erred in charging the jury:

"If the insurance company issues a demand to file those proofs of loss within sixty days from the date of that demand, and it is impossible to determine what that loss would be within that sixty days, then that demand has not been furnished upon the part of the assured after the loss within the meaning of that statute, because certainly there is no loss until there is ability to determine loss. That is there is no loss of which anybody can have any reasonably accurate knowledge until there is ability to determine what the loss would be."

Here again appellant is contending for an exceedingly strained construction of the language contained in its contract respecting a statement or proof of loss which we think is unwarranted and unjustified. Some parts of this complained of instruction are not as clear as they might be but taken as a whole we consider it a proper instruction and free from harmful error to the appellant.

### POINT 2.

a. The trial court erred in denying defendant's motion to strike out plaintiff's sixth reply to defendant's third separate defense.

The third defense has already been set forth. The sixth reply thereto was:

"Defendant in addition to issuing to the plaintiff the policy set forth in the complaint, also issued to plaintiff certain other policies insuring the building against loss and damage by fire. A fire occurred in said building on May 28th, 1933. The said defendant made certain objections and complaints against the manner of said fire loss and instigated investigations which prevented plaintiff from demolishing portions of said building which were injured beyond repair and also delayed the reconstruction of said building to such extent that the plaintiff could not with any degree of reasonable certainty prior to November 1st, 1933, estimate the amount of his rental loss or damage or the time which he would require to repair or reconstruct said building so as to again make it tenantable, and plaintiff, immediately upon obtaining such information, did prepare his proof of loss and did sign and swear to it and did serve the same upon the defendant who retained said proof of loss without making any objection thereto, until after suit was instituted and the first objection made was by raising the third defense, to which this reply is directed."

We think there was no error in refusing to strike this reply and under any circumstances we cannot see how the defendant was prejudiced thereby.

b. The trial court erred in admitting as evidence two certain proofs of loss filed with the defendant under policies other than the one being sued on.

c. The trial court erred in admitting as evidence copies of checks purporting to show payment of the fire loss under separate policies issued by this company.

These proofs were objected to as irrelevant and it is difficult to see how they were relevant to the issue being tried. Respondent says that they gave to the defendant company

all the information required by the rent policy and amounted to compliance therewith so far as plaintiff could respond thereto.

Whether the rulings complained of were erroneous or not seems to us to be of no consequence because we find appellant was not harmed or prejudiced thereby.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.