## Telesky *v.* Fidelity Guaranty Fire Corporation, Appellant.

458

Argued March 5, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Frank P. Slattery,* for appellant.

*Frank J. Flannery,* with him *David Yelen,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

This is an action of assumpsit on a policy issued to plaintiff by defendant insuring her against loss of use and occupancy of premises occupied by her, due to fire. After a verdict for plaintiff, the court below refused defendant's motion for judgment n. o v., and judgment was entered for plaintiff. Defendant has appealed, assigning as error said judgment, the refusal of its point for binding instructions, and its motion for judgment n. o. v.

Appellant contends that the court below erred for two reasons: (1) Because no proof of loss was furnished by appellee to appellant; and (2) because appellee was not the sole and unconditional owner of the business for which the loss of use and occupancy was claimed. These contentions do not necessitate a review of all the evidence, but agreeably to the familiar rule such portions as are pertinent thereto must be read in the light most favorable to appellee who has the verdict.

On March 26, 1935, appellant issued two policies which related to premises at No. 106 Cleveland Street, Hudson, Plains Township, Pa. One policy insured the household furniture, stock, and fixtures contained in the store at the above address in the names of appellee and John L. Telesky, her husband. The policy of insurance upon which the instant suit was brought insured appellee alone against use and occupancy loss. The policy was in the amount of $1,200, and the per diem liability during the time of total suspension of the business at No. 106 Cleveland Street, due to fire, was limited to 1/365 of that amount. On March 10, 1936, a fire occurred which destroyed the building and the contents of the store. Appellant and another company had

policies covering the household furniture, stock, and fixtures of appellee and her husband. Appellant had the sole policy covering loss sustained from the suspension of business. Appellee testified as to the losses sustained, and the jury rendered a verdict in her favor in the amount of $600. Appellant offered no testimony to support the averment in its affidavit of defense "that by reason of said fire there was not a total suspension of business until April 8, 1937, and that the owners of the business did not use all efforts and diligence to resume business, which business could have been resumed, if due diligence were exercised, within a month after the fire and not within thirteen months as alleged in the plaintiff's [appellee's] statement of claim."

On or about May 2, 1936, appellee and her husband, John L. Telesky, sent proofs of loss to appellant and the other insurance company. Appellant acknowledges receipt of this proof of loss. It gave to appellant the required information as to the time and origin of the fire, occupancy of the building, title and interest of the insured, total insurance upon the property covered by the policy issued by appellant, together with a schedule of the loss and damage to the household furniture, stock, and fixtures covered by the policy in the premises at No. 106 Cleveland Street. After the fire and prior to filing of the proofs of loss a representative of appellant inspected the damaged premises, and an adjuster for appellant had conferences with a representative of appellee and her husband relative to the losses sustained. Appellant knew that the business had to be suspended as a result of the fire. It does not appear that appellant made any demand for formal proof of loss on the use and occupancy policy. Naturally the extent of such loss must depend upon the time that the business was necessarily suspended.

The policy of insurance in question contained the following provision relative to proof of loss: ".......
the insured shall, within sixty days after the fire, unless

such time is extended in writing by this Company, render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss or damage thereto; all incumbrances thereon; all other contracts of insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; and by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire ......"

At the trial appellee failed to prove that such a proof of loss was furnished to appellant in connection with the policy in suit. The requirements in the policy issued to appellee and her husband, which covered household furniture, stock, and fixtures on the same premises, were identical with those in the policy in suit, and the proof of loss furnished to appellant complied in all respects with the policy provision in connection with the loss under that policy. Appellant accepted it, paid the claim, and offered that proof of loss in evidence at the trial. Both policies are described therein as standard fire insurance policies of this state, and it is obvious that the coverages were accomplished by the addition thereto of appropriate riders or endorsements, the standard provisions, among them that relating to proof of loss, remaining the same. The proof of loss provisions are patently drawn to cover primarily loss of tangible real or personal property by fire. They are not adapted to claims for loss of use and occupancy. Literal compliance with those requirements would disclose no information relevant to such a loss. See *Budrecki v. Firemen's Ins. Co.*, 114 N. J. L. 187, 176 A. 143. It is true that the stipulations in the standard form of policy, in-

cluding those relative to proof of loss, are statutory (Act of May 17, 1921, P. L. 682, art. 5, §523, 40 PS §658), but it is difficult to see how this affects the matter if the language is inappropriate to the coverage of the policy. "The standard form of contract for fire insurance provided by statute does not affect the status of the policy as a contract between the parties, nor was it the intention of the legislature to lay down any rule of law for the construction of such contracts: *Gratz v. Insurance Co.*, 282 Pa. 224, 230 [127 A. 620]. Consequently the fact that the form of the policy is prescribed by statute does not confer any greater effect to bar plaintiff's action than if the form had been chosen by the parties themselves. They are deprived of no right they would have had if no statutory provision had existed: *Gratz v. Insurance Co.*, supra; *Reed v. Insurance Co.*, 138 Mass. 572": *Chauvin v. Superior Fire Insurance Co.*, 283 Pa. 397, at page 400, 129 A. 326, at page 327.

Furthermore, appellant was furnished with the proof of loss under the policy covering household furniture, stock, and fixtures on the basis of which that claim was paid. Evidently appellant was satisfied with the information supplied by that proof of loss, and it would be unconscionable to permit it to escape liability under the use and occupancy policy simply because appellee did not make a technical compliance with the terms thereof by submitting the identical information in connection with that claim. "As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already fully informed, hence, to insist upon them in a case like that in hand, would be to oppose the barest technicality as a bar to the plaintiff's right to recover a strictly honest claim": *Pennsylvania Fire Ins. Co. v. Dougherty*, 102 Pa. 568, at page 572. See, also, *Cara v. Newark Fire Ins. Co.*, 312 Pa. 489, 492, 167 A. 356.

Under the circumstances the argument that appellant

is not liable because the interest of appellee was other than unconditional and sole ownership is also ineffective. Reference has been made previously to the fact that appellant had issued a policy covering the household furniture, stock, and fixtures on the premises in addition to the policy covering loss of use and occupancy. Both policies were issued on the same day by the same agent, and numbered consecutively. In the policy on household furniture, stock, and fixtures appellee and her husband, John L. Telesky, were named as assured; in that on use and occupancy appellee was the assured. Both policies contained among the standard provisions the stipulation that: "This entire policy shall be void ...... (a) if the interest of the insured be other than unconditional and sole ownership." Assuming, for the sake of the argument, that ownership of the business followed that of the stock and fixtures, as appellant in effect contends, it is immediately apparent that appellant, from the very moment the policies were issued, knew that they were inconsistent. Both could not be correct. Notwithstanding this situation, appellant raised no question until a loss had occurred. "Here comes in the line of cases which have laid down, and firmly settled, as a part of insurance law, the rule that when (there being no fraud or misrepresentation) an insurance company, in writing an insurance policy, inserts therein a condition, in favor of itself, the breach of which is to invalidate its promise to pay, and the company knows at the time that this condition is inconsistent with and inapplicable to the facts of the case, and will entirely frustrate the purpose of the party or parties applying for insurance protection, the company will not be allowed to set up breaches of such condition for the purpose of avoiding its promise to pay, being estopped from so doing: *Clymer Opera Co. v. Ins. Co.*, 238 Pa. 137 [85 A. 1111], quoting *same v. Ins. Co.*, 50 Pa. Superior Ct. 639, 641; *Caldwell v. Fire Assn.*, 177 Pa. 492 [35 A. 612]; *Kocher v. Kocher*, 300 Pa. 206,

215 [150 A. 468]; *Jabs v. Ins. Co.*, 101 Pa. Superior Ct. 498; *Russell v. Ins. Co.*, 272 Pa. 1 [115 A. 835]": *First National Bank of Charleroi v. Newark Fire Insurance Co.*, 118 Pa. Superior Ct. 582, at page 586, 180 A. 163, at page 164.

In *Hoffman et al. v. Mutual Fire Ins. Co. of Reading*, 274 Pa. 292, 300, 117 A. 917, it was also said that where the company knows that one of the conditions of the policy is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of the condition.

Judgment is affirmed.