Selden, Appellant, *v.* Metropolitan Life Insurance Company.

Argued April 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*S. Walter Foulkrod, Jr.,* with him *Joseph N. Bongiovanni, Jr.,* for appellant.

*Owen B. Rhoads,* with him *J. Peter Williams, Barnes, Dechert, Price & Smith* and *Harry Cole Bates,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, June 25, 1946:

The issue here involved presents no real difficulty of solution because it is governed by elementary principles of the law of contracts.

Defendant company issued to Jules B. Selden two policies of insurance against the results of bodily injuries caused by violent and accidental means; in one of them the beneficiary was Selden's mother, in the other his estate. He died on December 31, 1941, from a gunshot wound of the head. The policies provided that affirmative proof of loss must be furnished to the company within ninety days after the date of such loss.

Proof was furnished within the prescribed time in the case of the policy in which the estate was the beneficiary. The mother, however, had no knowledge of the existence of the policy in her favor until it was found, on February 22, 1943, among some old papers of the deceased; on March 19, 1943, she filed proof of loss under that policy. In the present action, brought by her as beneficiary, the court held that while the proof was thus filed well beyond the stipulated ninety days the company could not defend on that ground because they had received all required information from the proof presented under the other policy; since the facts in each case were identical there was no need to reiterate them. That ruling was sound in principle and justified by authority: *Girard Life Insurance, Annuity and Trust Co., Admr., v. Mutual Life Insurance Co. of New York,* 97 Pa. 15; *Telesky v. Fidelity Guaranty Fire Corp.,* 140 Pa. Superior Ct. 457, 13 A. 2d 899. It is not questioned on the present appeal.

The case is different, however, in regard to a provision of the policy that "No action at law or in equity shall be brought to recover on this policy . . . unless brought within two years from the expiration of the time within which proof of loss is required by the policy." This was fortified by another provision that "Failure of the insured or beneficiary to comply with any of the provisions or requirements of this policy shall invalidate all claims." Plaintiff did not bring suit until September 8, 1944, which was more than five months too late, and the court accordingly sustained an affidavit of defense raising questions of law and entered judgment for defendant.

That a provision for some reasonable time within which action must be brought is valid and enforceable is not open to question,[1] neither can it be disputed that

---

[1] *North Western Insurance Co. v. Phoenix Oil & Candle Co.,* 31 Pa. 448; *National Insurance Co. v. Brown,* 128 Pa. 386, 390, 391, 18 A. 389; *Hocking v. Howard Insurance Co.,* 130 Pa. 170, 179, 18 A. 614;

the beneficiary is subject to all the provisions and limitations of the policy.[2] But plaintiff here asks that her failure to bring suit in time should be excused because of her ignorance of the existence of the policy and therefore because of an alleged impossibility of performance. While apparently there is no exact precedent in Pennsylvania, a recent case, *Faulks v. Unity Life & Accident Insurance Association of Syracuse,* 346 Pa. 346, 30 A. 2d 121, is much in point. There the beneficiary knew of the existence of the policy, but she was unable to find it, it being in fact in the possession of the insurance company; it was held that she was not excused for her failure to start action within the stipulated time. This is in accord with the general principle that a person is not relieved from compliance with the express provisions of a contract merely because of ignorance of his rights or even of the very existence of the contract; if the other party has not been guilty of any fraud or deception which has caused such ignorance the loss must be borne by the party in default however innocent or well-intentioned he may be. It would be extremely unjust to insurance companies if suit on a policy could be brought at any time, however indefinite, merely by virtue of an allegation that the beneficiary had only then discovered that such a policy existed; certainly the duty should rest upon the insured to apprise the beneficiary or someone else of the existence and location of the policy, or to keep it in a place where it might readily be found after his death. It is not permissible for a court to add to the unambiguous terms of the policy an exemption clause

*Watters v. Fisher,* 291 Pa. 311, 316, 139 A. 842, 843; *O'Connor v. Allemania Fire Insurance Co. of Pittsburgh,* 128 Pa. Superior Ct. 336, 342, 194 A. 217, 219; *Ferguson v. Manufacturers' Casualty Insurance Co. of Philadelphia,* 129 Pa. Superior Ct. 276, 280, 281, 195 A. 661, 663, 664; *Tellip v. Home Life Insurance Co. of America,* 152 Pa. Superior Ct. 147, 31 A. 2d 364; *Ercole v. Metropolitan Life Insurance Co.,* 155 Pa. Superior Ct. 549, 551, 552, 39 A. 2d 293, 294.

[2] Restatement, Contracts, §140; *Miller v. The Travelers Insurance Co.,* 143 Pa. Superior Ct. 270, 273, 17 A. 2d 907, 908.

which the parties themselves omitted: *Maryland Casualty Co. v. Nellis,* 75 F. 2d 23, 25.

Certainly in the present case no criticism of the rigor of such a ruling would be justified. For plaintiff discovered the policy on February 22, 1943, and at that time she still had thirteen months in which to bring suit under its terms. She did not proceed for more than five months after those thirteen months had expired. She offers no excuse for that delay. Even in jurisdictions which hold, contrary to our own view, that a failure to perform the conditions of the policy within the specified time will be overlooked if circumstances are such as to prevent compliance, such liberality of interpretation is not applied where the failure to act, after action becomes reasonably possible, is due to a lack of due diligence on the part of the beneficiary seeking to be excused.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

In my opinion the averments of the plaintiff's statement of claim, which must necessarily be taken as true in the procedural situation in which the judgment appealed from was entered, disclose a condition which was sufficient in law to excuse the beneficiary from her failure to file a proof of loss under the policy within the period prescribed therein, viz., ninety days from the date of the insured's death. Although the ninety-day period had expired, the beneficiary had a *reasonable* time after her discovery of the existence of the policy (theretofore unknown to her, admittedly through no fault of her own) within which to file such proof. See Couch, Cyclopedia of Insurance Law, Vol. 7, § 1538k, pp. 5478 et seq. Consequently, when the *reasonable* time for the filing of a proof of loss, in the exculpatory circumstances here present, had expired, the beneficiary by the terms of the policy had two years within which to institute a suit upon the policy.

The question, therefore, presented by this case is not whether the beneficiary's suit (not having been filed within two years and ninety days of the insured's death) was filed out of time but whether it was not filed timely, having been filed "within two years from the expiration of the time within which proof of loss is required by the policy", i. e., within two years of the discovery of the policy *and* a reasonable time thereafter because of the situation here shown.[1]

The limitation which remains constant and applies in all cases alike under policies of the form here involved is the *two-year* period for the bringing of suit thereon. That period never varies. And, it begins to run ". . . from the expiration of the time within which proof of loss is required by the policy". That time, in cases such as the facts here reveal, is when the existence of the policy first becomes, or should have become, known to the one entitled to assert a claim under it. If that is after the ninety-day period prescribed by the policy, the beneficiary has yet a *reasonable* time after the discovery of the policy within which to file the required proof. Thus, the thing that may vary, for cause shown, is "the expiration of the time within which proof of loss is required by the policy".

Any other construction would produce harsh and unjust results and a lack of uniformity in operation. For example, suppose a case where, through no fault whatsoever of a beneficiary or the deceased insured's

---

[1] The policy was found on *February 22, 1943*. The ninety-day period for the filing of proof of loss in ordinary course had then expired. The insured had died from accidental cause on December 31, 1941. But, within a day of the finding of the policy, viz., on *February 23, 1943*, the beneficiary requested the defendant to furnish her with proof of loss forms which, by letter of March 8, 1943, the defendant refused to do. None the less, on March 10, 1943, the plaintiff furnished the defendant with written proof covering the occurrence, character and extent of the loss for which she made claim under the policy. The defendant having refused to pay the policy, the instant suit on the policy was entered on September 8, 1944.

legal representative, a policy was not discovered until two years and four months after the insured's death. Under the ruling of the majority, a recovery would be absolutely barred in such instance notwithstanding that under the policy the beneficiary had "two years" from the expiration of the time for filing proof and, in the circumstances supposed, proof could be filed within a reasonable time following the discovery of the policy: see Couch, loc. cit. supra. Or, suppose a case where the existence of the policy, under like circumstances, was unknown to the beneficiary or the deceased insured's legal representative until two years and two months after the insured's death. Even then recovery would not be possible although the two years and ninety days (stressed by the majority opinion as crucial) had not expired. That would necessarily follow, for under further terms of the policy, suit may not in any event be instituted until sixty days *after the filing of proof.* So that, in the instance last supposed, although the policy had been found a month before two years and ninety days had elapsed, suit could not be instituted for another sixty days, thus making in all two years and four months after the insured's death, and, hence, out of time under the holding of the majority opinion.

The illustrations just supposed are all the more startling where, as in the present instance, the company actually knew within no more than seven weeks of the insured's death that the policy was then an extant matured liability of its own. On February 18, 1942, the defendant had received and accepted from the deceased insured's personal representative due proof of loss (for the insured's accidental death) under an exactly similar policy issued by the defendant in favor of the insured's estate. In my opinion, the failure of the defendant to inform the deceased insured's personal representative or the beneficiary of the existence of the like policy, now in suit, amounted to nothing less than fraudulent concealment sufficient to debar the defendant from pleading

technical defenses and to require that the claim under the policy be heard on its merits.

Technical defenses, which arise out of a convention of parties, require *good faith* at all times of the one attempting to plead them as does also the assertion of all contract rights and liabilities: see *Paul v. Paul,* 266 Pa. 241, 245, 109 A. 674; cf. also *Ad-Lee Company v. Meyer,* 294 Pa. 498, 502, 144 A. 540; *Walcofski v. Lehigh Valley Coal Co.,* 278 Pa. 84, 88, 122 A. 238. A right cannot arise out of the fraudulent performance of a condition of the contract upon which the right of action depends: *Fisher v. Saylor,* 78 Pa. 84, 87. No one is permitted to take advantage of his own wrong. What, then, was the wrong perpetrated by the defendant? Simply this: when the insurance company accepted due and timely proof of the insured's accidental death and paid the policy in favor of the insured's estate, *it then well knew* (nor will it be denied that it knew) that it had issued another like policy on the insured's life at approximately the same time in favor of the insured's mother as the beneficiary. Yet, judging from the purely technical defense which it has interposed in this case, the insurance company stood by mute, apparently hoping that that policy would never be known to the beneficiary or the insured's personal representative.

A sufficient proof of loss for the insured's accidental death having been filed on the *known* policy, a further proof on the other like policy with the same company was not actually necessary: *Girard Life Insurance, etc., v. Mutual Life Insurance Company of New York,* 97 Pa. 15; *Telesky v. Fidelity Guaranty Fire Corporation,* 140 Pa. Superior Ct. 457, 13 A. 2d 899. But, to use that legal circumstance, as did the court below to start the running of the two-year limitation on the *unknown* policy does violence to the plaintiff's rights. The proof first filed was not filed in behalf of the beneficiary's then unknown right under the undiscovered policy. The proof so filed could not have become a substituted proof under

the unknown policy at least until it had been discovered and its existence thus made known to the beneficiary. The law does not bind one fictitiously with action which there was neither duty nor occasion to take in the circumstances.

The one important question in this litigation is the question of fact as to whether the beneficiary's failure to discover the policy in her favor until February 22, 1943, was excusable. That question, the defendant has never yet put in issue. I should, accordingly, reverse and send the case back for a trial on its merits if the defendant sees fit to put in an affidavit of defense on the merits.

Mr. Justice PATTERSON joins in this dissent.