## Maize, admr. v. Nationwide Mutual Insurance Company

*David E. Cohen,* for plaintiff.

*W. B. Parshall,* for defendant.

FEIGUS, J., October 1, 1964.—This is an action of assumpsit upon an insurance contract tried by stipulation before the court without a jury.

## Findings of Fact

1. Plaintiff, Richard F. Maize, is the duly qualified and acting administrator of the estate of William E. Wallace, deceased, who died July 25, 1960, a resident of Melcroft, Saltlick Township, Fayette County, Pa.

2. Defendant, Nationwide Mutual Insurance Company, is a corporation, having its home office at Columbus, Ohio, and was, at the times herein concerned, authorized to do business in the Commonwealth of Pennsylvania.

3. Defendant, for the consideration of $23.10 paid by decedent, issued its written contract of automobile liability insurance, No. 54 974-705, for the period from June 24, 1960, to December 24, 1960, therein agreeing to insure decedent as owner of a 1953 Chevrolet Sedan under schedule "D" entitled Family Compensation, inter alia, as follows:

"D. FAMILY COMPENSATION. To pay, in accordance with the schedule below and subject to the execution and delivery of a complete release of the liability of the Company and all persons entitled to the protection of this policy under Coverage C (2), here-

inafter called Insured, irrespective of such liability, to or for the benefit of:

"(1) Any person who suffers bodily injury, sickness, disease or death by reason of any accident arising out of the ownership, maintenance or use of the described automobile.

\*　　\*　　\*

"For death within one year following the accident and caused by it, payable to a duly appointed legal representative: $5,000."

4. Decedent insured was killed on July 25, 1960, at Melcroft, Fayette County, Pa., when said 1953 Chevrolet Sedan automobile fell upon him, crushing him to death.

5. Plaintiff was appointed administrator of decedent's estate on August 11, 1960.

6. On or about August 11, 1960, decedent's son and sole surviving heir at law, delivered to plaintiff papers and documents purporting and represented to be all of the relevant information concerning decedent's property and affairs.

7. Plaintiff was not informed and had no knowledge of decedent's ownership of said 1953 Chevrolet Sedan until on or about May 1, 1962.

8. Plaintiff and decedent's son were not informed of the existence of the insurance contract here involved until on or about May 1, 1962.

9. Plaintiff notified defendant of decedent's death and made claim therefor by written notice delivered to defendant on or about May 5, 1962.

10. Said notice and claim were timely and reasonably made under the existing circumstances.

11. Plaintiff exercised due diligence in ascertaining the existence of said contract of insurance.

12. Defendant suffered no detriment or injury by reason of its lack of notice of decedent's death, until on or about May 5, 1962.

13. Defendant disclaimed liability under said policy of insurance May 21, 1962, by reason of failure to execute a release under the provisions of schedule D, and failure to give timely notice of the death and claim.

*Discussion*

Defendant resists payment by virtue of the following provisions of the insurance contract:

"D. FAMILY COMPENSATION. . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Payments to or for the benefit of any one person made either under D (1) or D (2) above shall discharge all liability of the Company for Family Compensation Insurance to that person under this or any other policy. There shall be no liability under this coverage to anyone who has

(1) failed to execute and deliver a complete release of the liability of the Company and the Insured within fifteen months of the date of the accident, or

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONDITIONS. 2. Policyholder's Duties

The policyholder or other person entitled to protection or someone on his behalf shall:

(1) give the Company or its agent written notice of all accidents, occurrences and losses as soon as practicable; . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

As to the release of liability referred to in schedule D, we are convinced that a reasonable construction of the provision renders it inapplicable to claims of the insured thereunder, or of claims by others on his behalf, including his heirs or administrator. The release, being for the benefit of the company *and* the insured would serve no useful purpose, inasmuch as payment to the insured would constitute a valid release under the contract. Tender of such a release, in the absence of a prior demand therefor by the insurer, is not a condition precedent to insurer's obligation to pay insured's death claim.

Although the principal coverage included in the insuring provisions of the contract provides conventional automobile liability protection, nevertheless schedule D affords a unique accident and life coverage for the benefit of the named insured and members of his family. We are therefore not here called upon to construe the release and notice provisions of the policy in the background of a collision between two automobiles. Rather, we are here presented with a death claim on behalf of the insured caused by the insured vehicle alone. Defendant concedes the circumstances of the accident and decedent's resulting death and proved no detriment to it by reason of the delay of notice or of failure to deliver a release.

We are constrained to regard plaintiff's status as a beneficiary under a separate life or accident insurance policy. As a general rule, where the beneficiary of a life or accident insurance policy is ignorant of the existence of the policy, delay in giving notice and furnishing proofs of loss is excused, and in such case, there is sufficient compliance with the provisions if notice and proofs of loss are made within a reasonable time after discovery of the existence of the policy: 29 A Am. Jur. 505; 75 A. L. R. 1504; Spradlin v. Columbia Ins. Co. of N. Y. (Tenn. App.) 232 S. W. 2d 605; Rushing v. Commercial Casualty Ins. Co., 251 N. Y. 302, 167 N. E. 450; Wardle v. Miller, 375 Pa. 565; Unverzagt v. Prestera, 339 Pa. 141. The burden was, however, cast upon plaintiff to excuse the delay and to prove that he exercised due diligence in giving defendant notice as soon as feasible: Unverzagt v. Prestera, supra. In our view, decedent's 19 year old son was not remiss in his failure to discover the location and existence of the policy of insurance. A fortiori, plaintiff, being unrelated to decedent, and having been consulted for legal advice by decedent's son and only heir at law, could have done little or no more than he did in locating and

ascertaining the existence and status of decedent's assets and personal effects. The extenuating circumstances here existing excused the delay, and notice was given as soon as practicable in the attendant circumstances: Christensen v. Allstate Insurance Company, 218 N. Y. S. 2d 426; Rushing v. Commercial Casualty Ins. Co., 251 N. Y. 302, 167 N. E. 450.

### Conclusions of Law

1. The subject matter and parties are properly before the court.

2. Plaintiff gave defendant notice of the accident and claim as soon as practicable.

3. Plaintiff exercised due diligence in giving defendant notice of the accident and claim.

4. Plaintiff is entitled to judgment in his favor, together with interest from May 21, 1962.

### Decision

And now, October 1, 1964, the court finds for plaintiff, Richard F. Maize, administrator of the estate of William E. Wallace, deceased, and against defendant, Nationwide Mutual Insurance Company, in the sum of $5,000, together with interest at six percent per annum, from May 21, 1962.

The prothonotary is directed to give notice forthwith of the filing of this decision to counsel for the respective parties.