Robert J. MONTE, and National Bank of Detroit, Co-Executors of the Estate of John Monte, Deceased and Robert J. Monte late trading as John Monte Company

v.

J. R. CHRIST CONSTRUCTION CO., Inc.

and

The Aetna Casualty and Surety Company.

Civ. A. No. 34430.

United States District Court
E. D. Pennsylvania.

March 30, 1967.

Otis W. Erisman, Frank F. Truscott, Philadelphia, Pa., for plaintiffs.

Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

WOOD, District Judge.

Plaintiffs are co-executors of the estate of John Monte and Robert Monte who traded as John Monte Co. (Monte). Monte was a construction company which secured a contract from the Southern Delaware County Authority for installation of a sewer system. It subcontracted certain aspects of the job to J. R. Christ Construction Co., Inc. (Christ). A performance bond was allegedly supplied by Aetna Casualty and Surety Co. (Aetna) which has moved for summary judgment.[1]

As to the basic dispute, plaintiffs assert that Christ walked off the job without cause and thereby breached its contract only ten days after commencing work. Monte then allegedly searched for the bond and was unable to locate it. The record shows that Aetna was in possession of the bond through some means unknown to Monte.

■ The policy contained a contractual limitation clause on the right to sue:

"PROVIDED, HOWEVER, that no action, suit or proceeding shall be had or maintained against the Surety on this instrument unless the same be brought or instituted and process served upon the Surety within two years after completion of the work mentioned in said contract, whether such work be completed by the Principal, Surety or Owner; but if there is any maintenance period provided in the contract for which said Surety is liable, an action for maintenance may be brought within two years from the expiration of the maintenance period, but not afterwards."

Suit was not filed until October 31, 1963, more than three years after October,

1960, the alleged completion date. Aetna's motion of course is based on the fact that the limitation period expired before suit was filed and therefore the action is barred. Generally, provision for some reasonable time within which action must be brought is valid and enforceable and the beneficiary is subject to all the limitations of the policy. Selden v. Metropolitan Life Ins. Co., 354 Pa. 500, 502, 47 A.2d 687 (1946) (two-year period). Since plaintiff has not controverted the reasonableness of the two-year period, we will accept it as reasonable, for the purposes of this motion.

■ Monte's first response to the motion is that there is an issue of fact as to the date of completion of the work. It argues that the completion date involves a mixed question of fact and law because it was an issue in pending litigation with the Authority and could be determined to be as late as 1962 when the Authority was repairing allegedly defective work of Monte, including work covered by the Christ subcontract.

Monte's position in this regard is not well taken. The deposition of Harold B. Forsythe, general superintendent for Monte and in direct charge of Monte's performance of its contract with the Authority shows quite clearly that *Monte's* position is and always has been that the completion date was October, 1960. Forsythe testified as follows: "I might point out at this time that the project had been finished and accepted in 1960 by the owner * * *" (Forsythe Dep., page 117) and later on page 119: "Then we would have to come back and take care of that complaint and so forth, until finally there was nothing else they could find wrong and they had to accept the project in October of 1960. But it didn't take near that long to do the project * * *" These statements were reinforced by Monte's counsel who stated as follows: "[A]s to the completion date

---

1. For another aspect of litigation, arising from the same contract, see Monte v. Southern Delaware County Authority, 212

F.Supp. 604 (E.D.Pa.1963), reversed, 321 F.2d 870 (3rd Cir. 1963).

\* \* \* it is our contention that it was finished in October of 1960." (p. 117).

Monte has produced no evidence to substantiate its claim of another completion date. Whatever "completion of the work" might mean in the bond, in this case on this record, it is clear the work was completed. What were the contentions in another litigation is neither pertinent nor even persuasive herein. We know almost nothing about the issues. It is interesting to note however that in one suit, Monte claims completion date as October, 1960, and on this motion argues for a later date.

Monte attempts to excuse its inaction by claiming that the bond was stolen from Monte's office by Christ with the full knowledge and complicity of Aetna. Since Monte was unaware of the limitation period, Aetna thereby prevented it from fulfilling a condition, suit within two years, and is thereby barred from asserting it as a defense. Aetna denies theft, alleging that the policy was never delivered to Monte, and that Monte was in no way misled or deceived as to Aetna's position nor in any way lulled into any sense of false security.

■■ Monte on this motion has the burden of producing some credible evidence to support its reason for delay. If some evidence is produced, summary judgment for defendant is precluded. The rule is not intended to be a vehicle to resolve disputed questions of fact. However, mere suspicion or conjecture is not sufficient, where discovery should have been made. Robin Construction Co. v. United States, 345 F.2d 610, 614 (3rd Cir. 1965).

The relevant facts which we must accept as true as recited by Harold Forsythe, an official of Monte, are as follows: The bond was signed and delivered to Forsythe in his office in July, 1959 in the presence of five employees by Christ. Forsythe noted that the bond form was peculiar and then placed it in the filing cabinet in his office. Everyone observed this because of the comment he had made. On August 14, 1959, the day Christ began to remove his equipment from the job site, Forsythe looked for the bond and discovered its absence. He looked in the Christ folder and found the contract and certain insurance certificates, but no bond. The cabinet was kept locked and only he and his employees had keys. He knew of no one who had given the policy to Christ.

A letter was written by Monte to Aetna advising them that Monte knew that the bond was in their possession and requesting it forthwith. Aetna's reply was that the bond had never been delivered and that they could show that the bond was never in Monte's possession.

■ The evidence as to theft is obviously not very persuasive and in our opinion will not eventually prevail. However, on this motion, all reasonable inferences of fact must be drawn in favor of respondent plaintiffs. For several reasons, we are reluctant not to draw an inference of some wrongdoing on Aetna's part. First, the record in its present state is incomplete and leaves too many items to conjecture. We do not know Christ's position nor that of the five so-called witnesses nor that of the employees who had possession of the file key. The accepted facts leave room for doubt. Secondly, it appears somewhat unlikely that if the bond were delivered and properly executed as Forsythe says, that Monte would return it to Christ or allow Christ to proceed with construction without a performance bond.

■ Assuming that an issue of fact is established, it must be material in order to preclude summary judgment. Excuses for delay in suing within the contractual period are many and have resulted in varying results.[2] Generally, in

2. See Appleman, Insurance Law and Practice, Vol. 20A, § 11634.

Pennsylvania ignorance of the contractual period or of other facts has not been held to be a legally effective excuse.[3] However, a court will look somewhat harshly at the technical defense and in certain cases demand more than dealing at arms' length.[4]

Waiver of limitation by the company amounts to an express or implied intention, exhibited by conduct of the agents, not to enforce the period strictly. It can result from conduct inducing delay or by denial of liability generally to those who are unaware of their rights, such as by denying that a particular accident is covered by the policy.[5] Waiver as such is not involved in this case.

Defendant relies specifically on two Pennsylvania cases.[6] In *Faulks*, where there was a somewhat similar clause, the plaintiff had searched for her policy but was unable to find it. Her attorney was informed after the period had expired that the insurer had the policy. Plaintiff had not authorized anyone to deliver the policy to insurer which had acquired possession of it by some means unknown to her. The court sustained the objection to the complaint. Since the circumstances did not compel the inference that the company had acquired the policy by improper means, the period was held applicable, especially since plaintiff had known for seven months that the policy had disappeared and was as well able to obtain a copy of it or assert any rights she had before the period had expired. There was also nothing to suggest that the company representatives had lulled plaintiff into a sense of security.

In *Selden*, plaintiff was unaware of a life insurance policy after death of the insured and sued after the limitation period. The action was barred because a person is not relieved from compliance with the express provisions of a contract merely because of ignorance of his rights or even of the very existence of the contract, if the other party has not been guilty of any fraud or deception which has caused such ignorance. The loss must be borne by the party in default, however innocent. A further elucidation was provided, although somewhat uncompelling, in that it was thought that it would be extremely unjust to insurance companies if suit could be brought at any time by an allegation that beneficiary had only then discovered that such a policy existed. In that case, it appeared further that plaintiff had thirteen months in which to sue after the policy was found.

Although both cases are compelling reasons for the grant of Aetna's motion, they are distinguishable from the present situation. In *Faulks*, there was no evidence of wrongdoing; in *Selden*, the insurance company had nothing to do with the ignorance of the beneficiary who still had thirteen months in which to sue.

■ Despite the weakness of Monte's position, we feel compelled to deny the motion for summary judgment. First, if Aetna's wrongdoing is established at the trial, a more complete factual record will enable the court to determine what were the responsibilities of Aetna under the circumstances, whether it should have sent a copy of the bond to Monte or advised it of the limitation period. This is important since clearly if either had been done, Monte could not raise any excuse for failure to sue within the contractual period. Whether Monte waived any wrongdoing by Aetna also appears to be a relevant and important question

**3.** Selden v. Metropolitan Life Ins. Co., 354 Pa. 500, 47 A.2d 687 (1946).

**4.** Fedas v. Insurance Co. of Pennsylvania, 300 Pa. 555, 151 A. 285 (1930).

**5.** See, e. g., Fratto v. Northern Ins. Co., 242 F.Supp. 262 (W.D.Pa. 1965), aff'd per cur. sub nom. Fratto v. New Amsterdam Fire Ins. Co., 359 F.2d 842 (3rd Cir. 1966).

**6.** Selden v. Metropolitan Life Ins. Co., 354 Pa. 500, 47 A.2d 687 (1946); Faulks v. Unity Life & Accident Ins. Ass'n., 346 Pa. 346, 30 A.2d 121 (1943).

since Monte knew where the bond was and did not ask for a copy. These are somewhat inconsistent conclusions, but the facts lend themselves to either inference. In summary, there are too many unresolved matters on seemingly important questions to enter summary judgment.

Secondly, the case law is not clear on the insurer's duty in the event of wrongdoing. A complete factual hearing will enable a sharpening of the issues for the trier of fact and enable both parties to elicit all relevant details. Very little time will be lost since plaintiffs must still proceed at trial against Christ whether the motion is granted or not.

Aetna Casualty and Surety Co.'s motion for summary judgment is denied.