## Thompson, Appellant, *v.* Equitable Life Assurance Society of the United States.

Argued April 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

reargument refused July 15, 1971.

*Samuel J. Goldstein,* for appellant.

*Richard C. Witt,* with him *Thomas Lewis Jones, Samuel P. Gerace,* and *Jones, Gregg, Creehan & Gerace,* for appellees.

OPINION PER CURIAM, June 30, 1971:
Judgment affirmed.

DISSENTING OPINION BY MONTGOMERY, J.:

In these two actions in assumpsit the plaintiff-appellant, Lenora Thompson, sought to recover from the defendants-appellees, The Equitable Life Assurance Society of the United States and United States Steel Corporation, the sums of $2,000 and $1,000 respectively on two group insurance certificates issued by The Equita-

ble Life Assurance Society of the United States. The named insured on the certificates was appellant's husband, Coster Thompson, who was an employee of United States Steel Corporation (or its predecessor, Carnegie-Illinois Steel Corporation), continually from 1935 until April 26, 1946. The insured died on January 16, 1947. However, the appellant, who was the named beneficiary on the certificates, did not notify the insurance company of her husband's death until 1965. Suit was not filed for the $2,000 claim until March 29, 1966; and the $1,000 claim until June 27, 1967. The actions were tried before Hon. Loran L. LEWIS, Judge, sitting without a jury, on October 2, 1969. Judge LEWIS entered verdicts for the defendants; and after exceptions were dismissed by a court en banc, these appeals were taken.

The appellees here have not objected to the lower court's holding, that the subject insurance on the life of appellant's late husband was in effect at the time of his death on January 16, 1947. However, the lower court denied recovery on the basis that appellant's claims were barred by the six-year statute of limitations on contract actions in Pennsylvania. The appellant argues that these certificates were specialty contracts, or contracts under seal, and, thus, her claims are not barred, since they were brought within 19 years of her husband's death. I agree with the lower court that the contracts were not under seal.

The appellant also argues that she has shown sufficient circumstances to excuse her failure to bring these suits within the six-year period. As stated in the lower court's opinion, "The insured's widow, the beneficiary under the policies, was unaware that such policies ever existed until November 18, 1965, when she found the old certificates among her mother's personal property. . . . The plaintiff testified that, after she found the cer-

tificates following her mother's death in 1965, she made inquiry at the mill office of the defendant company to determine whether or not the insurance policies were still in effect and she was informed they had expired. . . . The defendant company was not apprised of the death of the insured in 1947 and did not receive such notification until 1965 when counsel for the plaintiff wrote to the company filing a claim under the policies."

Generally, the rule applicable in such cases appears to be that failure to bring suit within the time limit stated in the policy is excused where the beneficiary does not know of the existence of the policy until after the allowed time has expired; provided (1) he notifies the company at once after acquiring that knowledge and (2) the lack of knowledge must be without negligence or fault of the party seeking to be excused. 44 Am. Jur. 2d Insurance §1915; 13 Couch on Insurance 2d §49: 306 et seq. See the recent exhaustive annotation to *Ola R. Clinard v. Security Life & Trust Company,* 264 N.C. 247, 141 S.E. 2d 271 (1965), 28 A.L.R. 3d 286, entitled "Beneficiary's Ignorance of Existence of Life or Accident Policy as Excusing Failure to Give Notice, Make Proofs of Loss, or Bring Action Within Time Limited by Policy or Statute." The rule was applied by the Court of Common Pleas of Fayette County, Pennsylvania, in *Maize, admr. v. Nationwide Mutual Insurance Company,* 35 Pa. D. & C. 2d 576 (1964), wherein the rule was stated by Hon. Samuel J. FEIGUS, Judge, at pp. 580-81, as follows: *"As a general rule, where the beneficiary of a life or accident insurance policy is ignorant of the existence of the policy, delay in giving notice and furnishing proofs of loss is excused,* and in such case, *there is sufficient compliance* with the provisions *if notice and proofs of loss are made within a reasonable time after discovery of the existence of the policy*: 29 A Am. Jur. 505; 75 A.L.R. 1504;

Spradlin v. Columbia Ins. Co. of N. Y. (Tenn. App.) 232 S.W. 2d 605; Rushing v. Commercial Casualty Ins. Co., 251 N.Y. 302, 167 N.E. 450; Wardle v. Miller, 375 Pa. 565; Unverzagt v. Prestera, 339 Pa. 141. *The burden was,* however, cast *upon plaintiff to excuse the delay* and to prove that he exercised due diligence in giving defendant notice as soon as feasible: Unverzagt v. Prestera, supra. In our view, decedent's 19 year old son was not remiss in his failure to discover the location and existence of the policy of insurance. A fortiori, plaintiff, being unrelated to decedent, and having been consulted for legal advice by decedent's son and only heir at law, could have done little or no more than he did in locating and ascertaining the existence and status of decedent's assets and personal effects. *The extenuating circumstances here existing excused the delay,* and notice was given as soon as practicable in the attendant circumstances:" (Emphasis supplied) I see no reason to distinguish a time limitation in a policy from the general statute of limitation in applying this rule. The majority opinion in *Selden v. Metropolitan Life Insurance Company,* 354 Pa. 500, 47 A. 2d 687 (1946), contains dicta to the contrary; that decision, however, was based on the undue delay in bringing suit after the existence of the policy became known. The dissenting opinion of Mr. Justice Charles Alvin JONES, later Chief Justice, recognizes the rule.

Unfortunately, the present situation with which we are now confronted is the same as that in *Selden.* Therein Mr. Justice JONES said, at page 508, "The one important question in this litigation is the question of fact as to whether the beneficiary's failure to discover the policy in her favor until February 22, 1943, was excusable." That question had not been decided in *Selden;* and Mr. Justice JONES would have returned the case to the lower court for decision on that point. Since

the promptness of appellant's action after discovery of the policy is not here at issue, as it was in *Selden*, at issue here is the question of appellant's negligence. It is obvious from the lower court's opinion that it made no finding of fact as to appellant's possible negligence upon which it could apply the law since it did not recognize any exception to the six-year statute of limitation in assumpsit actions.

Since the lower court made no finding of fact on a vital issue in this case, we are empowered, as well as it is our responsibility, to review the entire record and attempt to make our own determination of the facts and draw our own conclusions of law based thereon. *First Trinity Evangelical Lutheran Church Appeal*, 216 Pa. Superior Ct. 379, 268 A. 2d 219 (1970); *Smith v. Peacock Construction Company*, 214 Pa. Superior Ct. 324, 257 A. 2d 592 (1969). However, the testimony in this case has not been filed of record and is therefore not now before us. We may always return a case to the lower court for further proceedings. Act of June 24, 1895, P. L. 212, §8, par. 8, 17 P.S. §192. In my opinion, such action is required in this case.

I would reverse these judgments in defendants' favor and remand these cases to the lower court with a procedendo to decide the unresolved issues, as I have outlined them.

Therefore, I respectfully dissent.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.