Luther, Appellant, *v.* Coal Operators Casualty Company.

114

Argued September 29, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

 

*James G. Moore,* with him *Earl R. Handler,* for appellant.

*Joseph W. Serene,* with him *Peelor, Serene & Fee; Smith, Best & Horn,* and *James L. Jack, Jr.,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 8, 1954:

In this case plaintiff is attempting to foist upon defendants a contractual liability which is wholly unwarranted, there being no semblance of a contractual

or other relationship between the parties which would properly give rise to any legal obligation on their part.

Plaintiff's complaint in assumpsit stated that on or about November 23, 1948, the defendant Casualty Company, through defendants L. K. Fassett & Son acting as its agents, issued to plaintiff a one-year Workmen's Compensation Insurance policy which was a renewal of similar policies issued to him on or about November 23, 1945, 1946 and 1947. It alleged that on or about November 23, 1946, the defendant company, through these same agents, "voluntarily undertook" to reissue and renew plaintiff's policies of insurance upon the expiration thereof, and in pursuance thereof did reissue or renew the policies dated November 23, 1945, 1946 and 1947, without the knowledge of, notification to, or request from plaintiff at the time of effecting such reissuances or renewals. It further stated that the reissuances and renewals were made with the intention of defendant Company that plaintiff should rely upon it to reissue or renew his insurance without any knowledge, notification or action by plaintiff, and that plaintiff did rely upon it to reissue and renew his insurance on or about November 22, 1949, but defendant at that time failed and neglected to reissue and renew the policy and did not notify plaintiff of its intention or failure to do so. On or about August 15, 1950, one of plaintiff's employes was injured while engaged on plaintiff's business and then, for the first time, plaintiff found out that defendant had not reissued or renewed the policy. Defendant having refused to assume any liability in the matter of the employe's claim, plaintiff sustained a loss by reason of the compensation payments, attorney's fees, and other items which he was compelled to pay, amounting to approximately $7,000.00, to recover which he instituted the present suit. Alleging in an alternative pleading that the de-

fendants L. K. Fassett & Son acted as insurance brokers on his behalf in all the matters above set forth, he sought recovery against them in the same amount.

Defendants filed preliminary objections in the nature of a demurrer to the complaint. The court sustained the objections and dismissed the complaint, from which action plaintiff appeals.

It will be noted that the complaint alleged that defendants "voluntarily undertook" to reissue the policy each year as it expired. The nature or form of such "undertaking" is not set forth, but such allegation is obviously based solely upon the proposition—and indeed it is so argued by plaintiff—that by reason of defendants having renewed or reissued the policies for three successive years without notification to or request by him, an obligation on their part thereby arose to continue issuing such renewals from year to year indefinitely thereafter.

Plaintiff has cited no authority, and our research discloses none, which holds that the rendering of such service by defendants created a duty on their part to continue it. It may well be asked, if such a duty did arise, when did it come into being,—after the first, the second, or the third renewal? It is interesting to note that plaintiff dates defendants' "voluntary undertaking" as "on or about November 22, 1946," which was the time of the first renewal. True, it is the law that where an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under such circumstances as to lull the "insured" into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty which he has thus assumed. But here no such promise or assurance was given, nor was there any arrangement between the parties or any instruction given by

plaintiff to keep up the insurance at all times or for any particular year. During the period of nine months from November 23, 1949, to the time when, August 15, 1950, the accident to plaintiff's employe occurred, plaintiff had not made any request for a renewal of the policy, and he must certainly have been aware of the fact that he had not received a new policy or any certificate of renewal of the old policy, or that he had paid any premium or been billed for one. It is perfectly clear that if at any time either during that period or thereafter defendants had made a claim upon him for payment of premium on a renewal policy, he might, with perfect legal propriety, have refused to meet such a demand on the ground that the renewal had been made without his knowledge or request, and if, therefore, defendants could not have enforced any alleged contractual obligation against him he obviously could not now impose such a liability upon them since contractual obligations must be mutual and co-existent. The fact is that plaintiff was merely assuming that defendants would continue to look after him without his giving any further attention to the matter.

Plaintiff urges that the principle of so-called "promissory estoppel" as enunciated in Section 90 of the Restatement, Contracts, and discussed at length in *Fried v. Fisher,* 328 Pa. 497, 196 A. 39, is applicable to the present situation. There might be some justification for that contention had defendants made a promise, even though without consideration, with intention that the promise be relied upon, and if in fact it was relied upon by plaintiff, so that a refusal to enforce it would result in obvious injustice. But the doctrine thus invoked is restricted to cases where a *promise* has been made, or actions clearly equivalent to such a promise, whereas here there was no such promise, express or implied, but merely an attempt to infer

one from the fact that on three previous occasions defendants allegedly had renewed the policy without previous consultation with plaintiff. This same restriction applies to the doctrine of a gratuitous promise by an agent set forth in the Restatement, Agency, Section 378. In the absence of an allegation that defendants had promised or contracted to renew the insurance, or that plaintiff had requested that he be kept insured, defendants were under no duty, contractual or otherwise, either to effect a renewal or gratuitously to remind plaintiff that his then present insurance had expired.

Order affirmed at plaintiff's costs.