## Twilley, Appellant, v. Pennypack Woods Home Ownership Association.

Argued September 30, 1955.  Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Stanley M. Greenberg*, with him *Bernard S. Ochman*, for appellant.

*John E. Power, Jr.*, for appellee.

ORDER PER CURIAM, October 3, 1955:

The order of the court below is affirmed at appellant's cost. The opinion of this Court will be filed at a subsequent date.

OPINION BY WRIGHT, J., November 16, 1955:

Charles Twilley filed a complaint in equity against Pennypack Woods Home Ownership Association, hereinafter referred to as the Association. Following the filing of preliminary objections by the Association, Twilley was granted leave to amend his complaint. A preliminary objection was then filed to the amended complaint on the ground that it did not set forth a cause of action. The court below sustained this preliminary objection and dismissed the complaint. This appeal followed.

In 1942 there was erected in Northeast Philadelphia a federal housing project known as Pennypack Woods. In May 1952 a lease was entered into with appellant on a month to month basis for one of the dwelling units in the project designated as 8833 Holme Avenue. In August 1952 the Association purchased Pennypack Woods and began to operate the project on a cooperative basis. The Association had been formed on April 21, 1947 under the Non-Profit Corporation Law[1] expressly for that purpose. At the time of the purchase the Association took an assignment of appellant's lease. In November 1952 the Association notified appellant that his lease would not be renewed and that he must vacate as of February 28, 1953. Appel-

---

[1] Act of May 5, 1933, P. L. 289, 15 PS 2851-1 et seq.

lant then applied for membership in the Association so that he would purchase his dwelling unit, but his application was rejected. In September 1954 the City Housing Rent Commission issued a certificate authorizing the Association to evict appellant, and an eviction action was thereafter instituted.

The complaint alleged that appellant was repeatedly assured by representatives of the Association that his occupancy would not be disturbed by the purchase, that in reliance upon those representations he did not make plans to leave, and that there was a "fraudulent scheme" to compel appellant to vacate because of personal feelings against him due to his prior opposition to the purchase. The relief sought was that the Association be restrained from proceeding with the eviction and that the termination of appellant's lease be declared invalid.

Appellant's first contention is that the Association "cannot arbitrarily refuse plaintiff membership". Reliance is placed upon the case of *Dorrington v. Manning*, 135 Pa. Superior Ct. 194, 4 A. 2d 886. In that case employes of a bus company were refused admission to a labor association and were subsequently discharged in consequence of a strike called for the purpose of forcing their dismissal. It was held that the right to work constituted a property right, the malicious interference with which by third parties equity would enjoin. That case is not controlling in the present situation. Appellant had no valid objection to the cancellation of his lease. New landlords need not renew contracts with existing tenants. Nor was it unreasonable for the Association to require that dwelling units be occupied only by purchasers, and that those purchasers should be members of the Association. Section 601 of the Non-Profit Corporation Law (15 PS 2851-601) provides that membership shall be governed

by such rules of admission as the articles or by-laws shall prescribe. Appellant has alleged no right of admission under the articles or by-laws of the Association.

Appellant's second contention is that he "has been deprived of certain rights by the fraud of defendant". He cites *Everett v. Harron,* 380 Pa. 123, 110 A. 2d 383 for the proposition that equity will protect personal rights as well as property rights. Appellant apparently concedes that there is no property right here involved. Certainly he does not have a personal right to continue his occupancy when the Association is unwilling to accept him as a member. The assurances that appellant's tenancy would not be disturbed, and his reliance thereon in not making plans to vacate, could raise only a question of promissory estoppel. That doctrine, as enunciated in section 90 of the Restatement, Contracts, and considered in *Luther v. Coal Operators Casualty Co.,* 379 Pa. 113, 108 A. 2d 691, cannot be here invoked. Appellant's failure to make arrangements to vacate is not the type of definite and substantial forbearance which would warrant equitable intervention in order to avoid injustice.