## Bailey v. Donegal Mutual Insurance Co.

*Daniel W. Shoemaker*, for plaintiffs.

*Russell F. Griest*, for defendants.

BUCKINGHAM, J., June 30, 1967.—This case is before us on defendants' motions for a new trial and for judgment n.o.v.

Plaintiffs' evidence showed that the defendant company insured the plaintiffs under an automobile liability policy through the agency of defendant, Beaverson. The policy was for six months dating from September 7, 1963. Several weeks before the end of the six months' period, plaintiffs received a notice in the mail from Beaverson notifying plaintiffs that a renewal premium was due in order to keep the policy in effect for another six months from March 7, 1964. Mrs. Bailey paid the renewal premium on March 7, 1964, at Beaverson's office, and a renewal certificate of insurance was issued to plaintiffs for the six months' period of March 7, 1964, to September 7, 1964. Thereafter, plaintiffs heard nothing from Beaverson. Under the terms of the policy, the coverage ended as of 12:01 a.m., September 7, 1964. On September 7, 1964, at about 5:30 p.m., Mrs. Bailey was involved in an accident with another person.

The next day, Mrs. Bailey went to Beaverson's office to report the accident and was told by Beaverson that they had no coverage as of the time of the accident because the policy had not been renewed. She was shown a copy of Beaverson's notice to the Baileys dated Au-

gust 17, 1964, of the company's intention to not renew the policy. She denied receiving the original of this notice. When the company refused to defend under the policy in the action against them by the other person to the accident, the Baileys sued defendants for the damages which they became legally obligated to pay since the other party to the accident recovered a judgment against them in the sum of $297.20, plus costs of suit of $31, plus the $150 which they were forced to pay their private attorney to defend them in the suit, all of which totaled $478.20.

The theory of plaintiffs' case and the theory on which it was submitted to the jury was that Beaverson, by sending them a renewal notice just before the first six months' period was up, established an arrangement which lulled them into believing that they could rely on Beaverson's continuing to send them renewal notices so they would be reminded to pay the renewal premiums and thereby keep the policy in effect. Plaintiffs relied on the case of Aresto v. Milie, 184 Pa. Superior Ct. 114 (1957), which states:

"It is the law that where an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under such circumstances as to lull the 'insured' into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty he has thus assumed".

Mr. Beaverson and his staff testified that the notice to the Baileys that the policy would not be renewed at the end of the term was properly mailed to the Baileys from his office in due time before the policy term expired. Defendants concede that Aresto, supra, states the applicable law, but their contention is that, since neither of defendants promised or gave any affirmative assurance that the policy would be renewed or that

Beaverson would continue to send renewal notices, they could not be liable to plaintiffs.

The jury's verdict was in favor of the plaintiffs and against defendants for the full amount of $478.20, thus representing a finding of the jury that Beaverson had not sent the notice of non-renewal.

Defendants' motion for judgment n.o.v. must be granted in light of the case of Luther v. Coal Operators Casualty Co., 379 Pa. 113 (1954), which has never been overruled. There, plaintiffs were nonsuited on facts which, if one substitutes automobile liability insurance for workmen's compensation insurance, are almost identical with the present situation. Because of their astonishing similarity, we quote at some length from Mr. Justice Stern's opinion in Luther supra, in order to show why present plaintiffs should have been nonsuited:

"Plaintiff's complaint in assumpsit stated that on or about November 23, 1948, the defendant Casualty Company, through defendants L. K. Fassett & Son acting as its agents, issued to plaintiff a one-year Workmen's Compensation Insurance policy which was a renewal of similar policies issued to him on or about November 23, 1945, 1946 and 1947. It alleged that on or about November 23, 1946, the defendant company, through these same agents. 'voluntarily undertook' to reissue and renew plaintiff's policies of insurance upon the expiration thereof, and in pursuance thereof did reissue or renew the policies dated November 23, 1945, 1946 and 1947, without the knowledge of, notification to, or request from plaintiff at the time of effecting such reissuances or renewals. It further stated that the reissuances and renewals were made with the intention of defendant Company that plaintiff should rely upon it to reissue or renew his insurance without any knowledge, notification or action by plaintiff, and

that plaintiff did rely upon it to reissue and renew his insurance on or about November 22, 1949, but defendant at that time failed and neglected to reissue and renew the policy and did not notify plaintiff of its intention or failure to do so. On or about August 15, 1950, one of plaintiff's employes was injured while engaged on plaintiff's business and then, for the first time, plaintiff found out that defendant had not reissued or renewed the policy. Defendant having refused to assume any liability in the matter of the employe's claim, plaintiff sustained a loss by reason of the compensation payments, attorney's fees, and other items which he was compelled to pay, amounting to approximately $7,000.00, to recover which he instituted the present suit. Alleging in an alternative pleading that the defendants L. K. Fassett & Son acted as insurance brokers on his behalf in all the matters above set forth, he sought recovery against them in the same amount.

"Defendants filed preliminary objections in the nature of a demurrer to the complaint. The court sustained the objections and dismissed the complaint, from which action plaintiff appeals.

"It will be noted that the complaint alleged that defendants 'voluntarily undertook' to reissue the policy each year as it expired. The nature or form of such 'undertaking' is not set forth, but such allegation is obviously based solely upon the proposition, and indeed it is argued by plaintiff—that by reason of defendants having renewed or reissued the policies for three successive years without notification to or request by him, an obligation on their part thereby arose to continue issuing such renewals from year to year indefinitely thereafter.

"Plaintiff has cited no authority, and our research discloses none, which holds that the rendering of such

service by defendants created a duty on their part to continue it. It may well be asked, if such a duty did arise, when did it come into being,—after the first, the second, or third renewal? It is interesting to note that plaintiff dates defendants' 'voluntary undertaking' as 'on or about November 22, 1946,' which was the time of the first renewal. True, it is the law that where an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under such circumstances as to lull the 'insured' into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty which he has thus assumed. But here no such promise or assurance was given, nor was there any arrangement between the parties or any instruction by plaintiff to keep up the insurance at all times or for any particular year. . . . The fact is that plaintiff was merely assuming that defendants would continue to look after him without his giving any further attention to the matter. . . . In the absence of an allegation that defendants had promised or contracted to renew the insurance, or that plaintiff had requested that he be kept insured, defendants were under no duty, contractual or otherwise, either to effect a renewal or gratuitously to remind plaintiff that his then present insurance had expired".

While recognizing that Luther, supra, must be applied to and must control the outcome in the present case, a feeling arises that it tends to ignore established customs in the insurance field. Insurance agents and companies almost invariably, without any request from, or prior arrangement with, the insured, send out renewal notices just before the policy period ends. They are anxious to do this for at least two very excellent reasons: First, they desire to give their clients

good service and second, this is the way they retain their business. It is, therefore, a boon to the one and a benefit to the other. Hence, the practice has developed that the insured has come to rely upon the agent or the company to send notices of renewal reasonably before the end of the policy period, without asking for or receiving any assurance or promises from the agent or company that this would be done. As a result, the average person likely hasn't the slightest idea when his renewal premiums are due. This is because he has from the start placed his reliance upon his agent or his company to keep him informed on these matters. Inevitably, therefore, the average insured is lulled into the belief that he will receive his due notices of renewal from his agent or company. This system is thoroughly satisfactory to the insurance community because it keeps the premiums rolling in on time. Absent such a system, doubtless the vast majority of insurance policies in Pennsylvania would lapse. With this in mind, it would seem only fair that the law should be that the insurance agent or company, who once having instituted the practice of sending out renewal notices to his insured and thereafter fails to do it, does so at his or its own peril.

Nevertheless, since the foregoing is not the law, it is obvious that defendant's point for binding instructions should have been granted and, accordingly, we have no alternative but to enter the following order:

And now, to wit, June 30, 1967, it is ordered, adjudged and decreed that defendants' motion for a new trial is hereby overruled but defendants' motion for judgment n.o.v. is directed to be entered in favor of defendants, Donegal Mutual Insurance Company and Martin L. Beaverson, and against plaintiffs, Francis J. Bailey and Frances D. Bailey, notwithstanding the verdict.

An exception is granted to plaintiffs.