Laura E. Jarvis, Widow of Enos J. Jarvis, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Elsie M. Jarvis t/a John J. Jarvis (Phoenix Assurance Company of New York) and Phoenix Assurance Company of New York, Respondents.

Argued September 25, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Joseph D. Shein,* with him *Shein & Brookman.* P.A., for appellant.

*Roger B. Wood,* with him *David L. Pennington,* and *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellees.

OPINION BY JUDGE MACPHAIL, January 22, 1979:

This appeal by Laura E. Jarvis (Claimant), widow of Enos J. Jarvis, presents the narrow issue of whether the Workmen's Compensation Appeal Board (Board) erred when it reversed the referee who had held Phoenix Assurance Company of New York (Phoenix) liable for payment of benefits to the Claimant notwithstanding the fact that the employer's insurance policy with Phoenix expired four days prior to the Claimant's husband's fatal accident for which the Board awarded benefits.

For seven years prior to the accident, the employer had obtained its workmen's compensation insurance from Phoenix through the Emil Schurgot Agency (Schurgot). Every year the policy was automatically renewed and the employer would pay the premium when billed. The last renewal on the policy was from January 9, 1968, to January 9, 1969. The insurance was not renewed for the succeeding year because Phoenix had decided to phase out Schurgot as its agent. The accident in question occurred January 13, 1969. The referee found as a fact that since the employer was "lulled into a false sense of security by the failure of the Schurgot Agency to notify her that her policy was not being renewed," the Phoenix policy remained in full force and effect on January 13, 1969.

The Board "reluctantly" reversed the referee on the basis of *Luther v. Coal Operators Casualty Co.*, 379 Pa. 113, 108 A.2d 691 (1954). One of the members of the Board, while concurring in the result, found it necessary to write a separate opinion indicating his concern that, while the result was legally correct, it was manifestly unfair to the Claimant. There can be no doubt that the *Luther* case discusses the very issue presented in this appeal, and, unless it can be distinguished or has been overruled, it must control the present case. In *Luther* the agency did exactly what

Schurgot did here; it automatically renewed the employer's workmen's compensation insurance policy annually for several years without notification to, knowledge of or request by the employer. About nine months after the last renewal date there was an industrial accident at which time the employer learned for the first time that its insurance had not been renewed for the year in question. Our Supreme Court held that the insurance carrier was not liable since there was no contractual obligation on the part of the insurer to automatically renew the policy and promissory estoppel would not apply since there was no promise by the insurer to automatically renew.

In the instant case we have the same argument advanced by the Claimant as did the appellants in *Luther*. The two cases simply cannot be distinguished on their facts except that in one instance the accident occurred nine months after the renewal date and in the present case the accident was just four days after the renewal date. While the shortness of time in the present case is remarkable, in and of itself it is wholly inadequate to warrant a different result.

Moreover, it is quite evident that *Luther* is still the law in Pennsylvania. In *Avondale Cut Rate, Inc. v. Associated Excess Underwriters, Inc.*, 406 Pa. 493, 178 A.2d 758 (1962), our Supreme Court cited *Luther* for the proposition that where an insurance carrier has assumed no duty to act for the insured and has made no representations upon which the insured could reasonably rely, the carrier incurs no liability if it fails to renew.

It is evident that the *Luther* decision is based upon sound principles of contract law. Where those principles are applicable, the courts cannot distinguish cases on the basis that they involve workmen's compensation claims, notwithstanding the fact that claimants may be denied benefits by reason thereof.

For the foregoing reasons, we will affirm the decision of the Board.

ORDER

AND Now, this 22nd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated June 30, 1977, which directs that only Elsie M. Jarvis, t/a John J. Jarvis, shall pay $39.00 per week to Laura E. Jarvis, widow of Enos J. Jarvis, for the duration of her widowhood, plus the sum of $750.00 for funeral expenses, with interest accruing at the rate of 6 per cent per annum, is affirmed.