## The North Western Insurance Company *versus* The Phœnix Oil and Candle Company.

If parties by their contract agree that no suit shall be sustained thereon, unless commenced within six months after the cause of action shall accrue, such stipulation will be binding on them; and no action can be maintained on the contract, unless commenced within the period therein limited.

ERROR to the Common Pleas of *Erie county.*

This was an action of *assumpsit* by the Phœnix Oil and Candle Company of New York against the North Western Insurance Company, on a policy of insurance issued by the defendants on the 6th December 1854, whereby they insured the plaintiffs, for the term of one year, against loss or damage by fire, to the extent of $2500, on their steam boiler, steam-engine, &c.

A by-law of the defendants, which was annexed to and made a condition of the policy, provided as follows:—"No suit or action at law or equity, shall be sustainable against this company upon or by virtue of this policy, unless the same shall be brought within six months from the time of the loss or damage by fire; and after the expiration of six months from such fire, such lapse of time shall be conclusive evidence against the validity of any claim under this policy."

The property insured was destroyed by fire on the 25th March 1855, and this suit was brought on the 10th March 1856.

On the trial, the defendants' counsel requested the court to charge the jury:—

"That the plaintiff cannot recover under the evidence in this case; because the suit was brought more than six months after the loss by fire, contrary to the 9th article of the by-laws attached to the policy."

The court below answered this point in the negative; to which the defendants excepted; and a verdict and judgment having been

[North Western Insurance Co. v. Phœnix Oil and Candle Co.]

rendered for the plaintiffs for $2875, the defendants removed the cause to this court, and here assigned the same for error.

*J. C. Marshall*, for the plaintiffs in error, cited Rheem v. Allison, 2 *S. & R.* 114; Dawson v. Condy, 7 *Id.* 366; Pritchard v. Denton, 8 *Watts* 371; Galbreath v. Colt, 4 *Yeates* 551; 2 *Binn.* 169·; Monongahela Navigation Co. v. Fenlon, 4 *W. & S.* 205; McGheen v. Duffield, 5 *Barr* 497; Trask v. Insurance Co., 5 *Casey* 198.

*J. H. Walker*, for the defendant in error, cited 1 *Arnould on Ins.* 495; *Ellis on Fire Ins.* 84; French v. Lafayette Ins. Co., 5 *McLean* 461; *Co. Litt.* 265; 4 *Mass.* 688; 7 *Id.* 155; 15 *Id.* 110; 4 *Pick.* 368; 2 *Arnould on Ins.* 1245; 1 *Phillips on Ins.* 23, 587; 5 *Barr* 134; 1 *Wils.* 129; 4 *Watts* 41; 6 *H. & J.* 413; 5 *Blackf.* 126; 6 *Id.* 283; 19 *Johns.* 133; 11 *Pick.* 159; 10 *Johns.* 273; 1 *Vern.* 192.

The opinion of the court was delivered by

LOWRIE, C. J.—It is one of the most important of the rights of a free people, that they are allowed to institute and define by contract the most of the business relations arising among them; and that, the substance of their contracts being lawful, the details and forms of them are dictated by themselves, and then they are enforced by law according to their intention. This right is considered· sufficiently sacred to be protected by the Constitution, which forbids any law to be made impairing contracts; and it is embodied in the old maxim *conventio vincit legem*, which recognises that, for relations instituted by contract, the law established by the parties is *ordinarily* exclusive of the general law of such relations.

Indeed, it is of the nature of government and law, that they intervene only when necessary. So far as parties to relations have agreed in defining them, the law has ordinarily no function to perform. If their definition is incomplete, the law supplies its deficiencies. It intervenes when discord commences. If the parties differ about what the agreement is, the law intervenes to interpret and define it. If one refuses to adhere to it, the law intervenes to enforce it. Of course, these remarks will not be understood as fully applying to the contract of marriage, which, as a fundamental relation of all society, is conclusively defined by law in its most essential elements.

Under the light of these principles, it is difficult to discover any objection to parties limiting the time within which the intervention of the law may be demanded. Such a contract is forbidden by no law, and is in conflict with none. It accords with the legal maxim *vigilantibus non dormientibus*, &c., and with the principle of statutes of limitation; while it limits the time according to the

[North-Western Insurance Co. *v.* Phœnix Oil and Candle Co.]

character of the special case, as the parties understand it and wish it understood. Statutes of limitation prohibit not the limitation of actions, but the indefinite postponement of them. The law expresses its willingness to decide controversies, if applied to in a given time; but it does not prohibit parties from limiting themselves, in their contracts, to less time. It was always law, that parties might contract to renounce privileges allowed them by law; and such renunciation. is binding on them. *Nemini licet adversus facta sua venire et contrahentes deciphere,*—*Code, Just.* 3, 2, 29.

And our books are full of cases illustrative of the principle; and most of them apply to instances where the renunciation is embodied in the contract, in anticipation of the event on which the right would arise.

In such cases, a party may renounce all defence by giving a warrant of attorney to confess judgment; he may agree that all controversies that arise out of the contract shall be settled by persons named and in a given mode; he may renounce his year and a day on a mortgage, his usual rights of exception, appeal, writ of error, exemption, and stay of execution, according to the due course of law. And in a late case, wherein we considered this subject, Nelson *v.* Von Bonnhorst, 29 *State R.* 354, we decided that he might take away all legal remedy by stipulating that he should pay when he considered himself able.

We think that the limitation of six months agreed upon in the contract of insurance, is binding upon the parties, and that, therefore, the court ought to have affirmed the defendants' proposition.

Judgment reversed, and a new trial awarded.

THOMPSON, J., did not sit in this case.