# Howard Insurance Co. of N. Y. *versus* Hocking.

1. A policy of fire insurance required in case of loss that the assured should as soon thereafter as possible furnish the company proofs of loss containing *inter alia* a statement as to how the fire originated. The assured in his proofs of loss, stated that the fire did not originate by any act, deisgn or procurement on his part or in consequence of any fraud or evil practice done or suffered by him and that nothing has been done by or with his consent or privity to violate the conditions of insurance, or render the policy void. *Held*, that this was a reasonably satisfactory compliance with the terms of the policy on part of the assured.

2. German American Insurance Co. v. Hocking, and Commercial Union Insurance Co. v. Hocking, 5 Amerman, followed.

February 10th, 1887. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ. PAXSON and GREEN, JJ., absent.

ERROR to the Court of Common Pleas of *Somerset county:* Of January Term, 1887, No. 173.

Assumpsit by George H. Hocking, brought April 17th, 1885, against the Howard Insurance Company of New York on a policy of fire insurance issued by the defendant to the plaintiff.

The following are the facts of the case as they appeared on the trial before BAER, P. J.

On the 24th day of March, 1884, George H. Hocking, the defendant in error and plaintiff below, procured from the Howard Insurance Company of New York, the plaintiff in error and defendant below, a policy of insurance for the sum of $2,000: "On his two-story, frame, tin-roof building, occupied for mercantile purposes and family residence, situate west side Centre street, Meyersdale, Pa., $2,000 additional concurrent insurance."

The policy was obtained through W. B. Cook, agent, Meyersdale, Pa., and was to continue in force from 24th March, 1884, to 24th March, 1885. It contained, *inter alia*, the following provisions:

1. And the said Howard Insurance Company hereby agrees

[Howard Insurance Co. *v.* Hocking.]

to indemnify or make good unto the said assured, his executors, etc., all such immediate loss or damage, not exceeding in amount the sum or sums insured above specified, nor the interest of the assured in the property, as shall happen by fire to the property from the 24th March, 1884, at twelve o'clock at noon, to the 24th March, 1885, at twelve o'clock at noon, the amount of loss or damage to be estimated according to the actual net cash value of the property at the time of the fire, and to be paid sixty days after the loss shall have been ascertained, in accordance with, and to be within, the terms and conditions of this policy, and satisfactory proof of the same, as hereinafter required, shall have been made by the assured, and received at the office of the company in New York, unless the company shall have given notice of their intention to replace, rebuild or repair the damaged property.

2. Condition 7. In case of any other insurance covering the property herein specified, whether made prior or subsequent to the date of this policy, this company will be liable for no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, and in case of the assured holding any other policy in this or any other company covering the property described, subject to the conditions of average, this policy shall be subject to average in like manner.

3. Condition 9. The assured under this policy sustaining loss or damage by fire, and making claim therefor, shall forthwith give notice in writing of said loss to the company, and as soon thereafter as possible render a particular account of said loss, signed and sworn to by the assured, stating whether any and what other insurance has been made covering the property herein described; giving copies of the written portion of all policies thereon, also the actual cash value of the property and the interest and title of the assured, and of all others thereon, etc., when and how the fire originated, etc.

The amount of sound value and of damage shall then be determined by mutual agreement between the company and the insured, or failing thus to agree, the same shall then be immediately ascertained by an appraisal of each article of personal property, or, if a building, by an estimate in detail, by competent persons, (not interested in the loss, as creditors or otherwise, and not related to the assured,) one to be appointed by the assured and one by the company, (in case of disagreement they to appoint a third,) their report in detail, in writing, to be made under oath, shall be binding on the company and the assured, as to the amount of such loss or damage; but shall not decide the legal liability of the company under this policy.

And until such notice is given, particular account and certificate produced, examinations, appraisals or estimate permitted by the assured, the claim for loss shall not be payable, etc., etc.

And in case of the depreciation of such property, from use, location, or otherwise, a suitable deduction from the cash cost of or producing or replacing shall be made, to ascertain the actual net cash value of such property damaged by the fire.

4. Condition 10. This company hereby limits its liability under this policy, and it is hereby expressly provided, that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery, until after an appraisal shall have been obtained fixing the amount of such claim in the manner above provided, etc.

The insurance under this policy is made subject to the foregoing conditions, limitations and requirements, etc.

On the 1st December, 1884, the defendant in error and plaintiff below obtained a policy of insurance from The Commercial Union Assurance Company of London, on the same property, for $1,000, running from 1st December, 1884, to 1st December, 1885, with the clause, " Privilege of other insurance," etc.

On the 3d December, 1884, he also obtained an insurance on the same property for $1,000, from the German American Insurance Company of Pennsylvania, from 29th November, 1884, to 29th November, 1885, with the clause, " Other concurrent insurance permitted."

On the 4th December, 1884, the building was destroyed by fire, and was a total loss. The value of the building at the time of the fire was from $4,200 to $4,500. Shortly after the fire, notice was given to the company.

Proofs of loss were not furnished to the company until the 28th March, 1885.. These proofs contained notice of amount of insurance in the German American Insurance Company, to wit, $1,000, and in the Commercial Union Assurance Company of London of $1,000, but did not state how the fire originated, except as follows: " And the deponent further declares, that the said fire did not originate by any act, design or procurement on his part, or in consequence of any fraud or evil practice done or suffered by him, and that nothing has been done by or with his consent or privity to violate the conditions of insurance, or render void the policy aforesaid."

This action was brought on the 17th April, 1885, before the expiration of the sixty days allowed by the policy to the company, to pay the loss, even if the proofs were in accordance

5 AMERMAN—27

[Howard Insurance Co. *v.* Hocking.]

with the requirements of the policy, and the plaintiff in error claims, that the right of action had not then accrued.

The defendant requested the court to charge *inter alia* as follows:

2. That by the terms of the policy the assured was required to set forth when and how the fire originated, and as the plaintiff has not complied with that clause, he cannot recover, and the verdict must be for the defendant.

*Answer.* We find when we look at this proof of loss, that the plaintiff did give a statement of the manner in which this fire originated, and therefore we refuse this point. (First assignment of error.)

3. That by the terms of the policy no action can be brought unless the amount of the loss was fixed either by mutual agreement of the parties or by an appraisal according to the requirements of the policy; and as the amount was not fixed in either of these ways before suit was brought, there can be no recovery by the plaintiff, and the verdict must be for the defendant.

*Answer.* This point we refuse because manifestly if an Insurance Company were to be excused from paying on that ground, then all it would have to do to defeat a claimant, would be to appoint a man to appraise who would stand out for it and refuse to agree. (Second assignment of error.)

4. That by the terms of the policy the defendant company was not required to pay the loss until 60 days after the loss shall have been ascertained, in accordance with the within terms of this policy; and as proofs of loss were not made until the 28th of March, 1885, and suit brought on the 17th day of April, A. D. 1885, the right of action had not then accrued to the plaintiff, and the verdict must be for the defendant.

*Answer.* This point is reserved.

The court afterward made the following order in relation to the point.

*Sur* motion for new trial and motion to enter judgment *non obstante veredicto.* On due consideration after full argument the rule for new trial is refused, and judgment ordered to be entered on the verdict. (Third assignment of error.)

Fifth. Under the pleadings and evidence in this case, verdict must be for the defendant.

Answer. Refused. (Fourth assignment of error.)

Verdict for the plaintiff in the sum of $2,201.32 and judgment thereon, whereupon the defendant took the writ and assigned for error the answer of the court to the points shown above.

*W. H. Koontz,* for plaintiff in error.—See brief of argument in German American Ins. Co. *v.* Hocking, *ante.*

*Coffroth & Ruppel*, for defendant in error.—See brief of argument in German American Ins. Co. *v*. Hocking, *ante*.

Mr. Justice CLARK delivered the opinion of the court March 7th, 1887.

On the 24th day of March, 1884, George H. Hocking, the plaintiff below, procured a policy of insurance from the Howard Insurance Co., of New York, in the sum of $2,000, on his two-story, frame, tin-roof building, etc., in Meyersdale, Pennsylvania. The policy was for one year; it provided for $2,000, concurrent insurance, $1,000 of that sum being in the German American Insurance Co. of Pennsylvania and $1,000 in the Commercial Union Co. of London. The three policies mentioned were in full force when the property was burned on the 4th December, 1884. The loss was total, and notice to that effect was promptly given to the company defendant. But the proofs were not furnished until 28th March, 1885. The The plaintiff contended, that as there was but a single subject of insurance which was wholly destroyed, and the company had received immediate notice to that effect, under the rule laid down in Lycoming Ins., Co. *v*. Schollenberger, 8 Wright, 263, and other cases, no further proofs were required.

In the case of the German American Ins. Co. *v*. Hocking, and the Commercial Union Ins. Co. *v*. Hocking, with which this case was argued, we held, however, that owing to certain peculiar provisions of the policy in each of the cases respectively the rule of Lycoming Ins. Co. *v*. Schollenberger was inapplicable, and we are for the reasons there expressed well satisfied that it is not applicable in this case.

The first assignment of error is, we think, wholly without merit; the plaintiff in the proofs, did give a statement in negative form as to the origin of the fire, which we think should be regarded as reasonably satisfactory.

The question raised by the second assignment has been fully considered in the case of the Commercial Union Co. *v*. Hocking, *supra*, and it will require no further elaboration here. This assignment is not sustained.

The third assignment, however, has more merit; it is to the refusal of the court to affirm the defendant's fourth point, which point is as follows:

" That by the terms of the policy, the defendant company was not required to pay the loss until sixty days after the loss shall have been ascertained in accordance with the terms of the policy, and as proofs of loss were not made until 28th March, 1885, and the suit was brought on 17th April, 1885, the right of action had not then accrued to the plaintiff, and the verdict must be for the defendant."

This assignment must be sustained. Our reasons for reversal on this point are fully set forth in German American Co. *v.* Hocking, *supra*, and Commercial Union Co. *v.* Hocking, *supra*, to which we refer. The suit was premature and the

Judgment is reversed.