444 A.2d 647

**Julius SCHREIBER & Bertha, H/W, Appellants,**

**v.**

**PENNSYLVANIA LUMBERMAN'S MUTUAL INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Submitted Sept. 15, 1981.

Decided April 30, 1982.

Dennis L. Friedman, Philadelphia, for appellants.

David Sorin, Philadelphia, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants Julius and Bertha Schreiber appeal from an order of the Superior Court affirming an order of the Court of Common Pleas of Philadelphia granting the motion of appellee Pennsylvania Lumberman's Mutual Insurance Company for judgment on the pleadings. Appellants' sole contention throughout these proceedings has been that the one-year limitation of suit provision contained in their policy of fire insurance should not bar appellants from bringing suit on the policy over two years and two months after their alleged loss unless appellee insurance company can demonstrate that it has been prejudiced by appellants' delay. We find this contention to be without merit and, accordingly, affirm.*

On November 12, 1975, appellants allegedly lost certain items of personal property in an internal heater explosion.

* This case was reassigned to the present writer on March 4, 1982.

Appellants notified appellee insurance company of the loss on November 15, 1975, and on November 28, 1975, appellants delivered an accounting of this loss to appellee. On February 2, 1978, some twenty-six months later, appellants filed a complaint in assumpsit against appellee, alleging simply that appellants had provided appellee with a full accounting of their loss and that appellee had not reimbursed them as required by the insurance policy.

In its answer, appellee alleged that payment had been refused because appellants had "failed to prove the losses alleged" and "failed to adequately prove the damages alleged." In addition, by way of new matter, appellee contended that appellants' cause of action was barred by the one-year limitation of suit clause contained in the insurance policy.

Appellants did not answer this new matter, and on June 20, 1978, judgment on the pleadings was entered in favor of appellee. Appellants then filed a motion for reconsideration, which was granted. On September 12, 1978, appellants answered appellee's affirmative defense, alleging only that the one-year limitation of suit provision could not bar their suit because appellee had alleged no prejudice to itself from appellants' two-year delay. The trial court rejected this argument and again entered judgment on the pleadings for appellee. A unanimous panel of the Superior Court affirmed, and this Court granted allowance of appeal.

In *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977), this Court held that a policyholder's failure to abide by a provision in an automobile insurance contract requiring timely notice of claims would not bar suit on the policy absent a showing of prejudice by the insurer. Appellants argue that *Brakeman* mandates a similar conclusion with regard to the statutory limitation of suit provision at issue here.

Contrary to appellants' assertion, the rationale of our decision in *Brakeman* is not applicable to the present case. In *Brakeman*, the insurer had chosen to include in its automobile insurance policy a provision requiring that,

"[i]n the event of an accident, occurrence or loss, written notice . . . shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

In examining this provision and the reasons for its inclusion in the policy, this Court stated:

"An insurance contract is not a negotiated agreement; rather its conditions are by and large dictated by the insurance company to the insured."

472 Pa. at 72, 371 A.2d at 196. Because the above provision requiring notice "as soon as practicable" was included at the exclusive discretion of the insurer, this Court found the provision to be in the nature of a contract of adhesion. Thus this Court departed from precedent and held that an insurer must prove that it has been prejudiced by an insured's late notice before it can successfully invoke such a provision as a defense to a claim.

In contrast, the limitation of suit provision in appellants' fire insurance policy was not "dictated by the insurance company to the insured." Rather, the Legislature has mandated that every policy of fire insurance issued in this Commonwealth shall contain the proviso that

"[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss."

Act of May 17, 1921, P.L. 682, § 506, added August 23, 1961, P.L. 1081, § 1, 40 P.S. § 636. Such a statutory requirement can hardly be termed a "contract of adhesion," imposed unfairly by the stronger party upon the weaker. Rather, it represents a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds. The validity of this statutorily mandated limitation of suit provision has been consistently upheld. See, e.g., *General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 346 A.2d 265 (1975); *Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967).

We have recognized that in certain circumstances, a limitation of suit provision will not be permitted to bar a delayed suit: "a provision of this nature may be extended or waived where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced." *General State Authority v. Planet Insurance Co.,* supra, 464 Pa. at 165 n.6, 346 A.2d at 267 n.6. See *Commonwealth v. Trans America Insurance Co.,* 462 Pa. 268, 341 A.2d 74 (1975). Here, however, despite ample opportunity to do so, appellants have at no time alleged that any conduct of appellee, either active or passive, was in any way responsible for appellants' delay of over two years in commencing their action on the policy. In these circumstances, the court of common pleas properly granted appellee's motion for judgment on the pleadings, and the Superior Court properly affirmed. See *Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968).

Order affirmed.

FLAHERTY, J., files a concurring opinion.

NIX, J., files a dissenting opinion.

FLAHERTY, Justice, concurring.

I agree with the rationale expressed in the dissent authored by Mr. Justice Nix, but concur in the result reached by the majority in this case. The relationship between the parties is contractual, and, notwithstanding the legislatively dictated term in the contract of insurance, equitable principles apply to this as well as other terms, and, indeed, the expectations based on the realities of custom and practice are to be considered. I would join the well-reasoned Dissenting Opinion were the pleaded facts sufficient to invoke the principle which it declares, but, in my view, the record has precluded me from doing so.

NIX, Justice, dissenting.

The issue raised in this appeal is whether a suit limitation provision in a contract of fire insurance should be enforced

to prevent the insured from seeking relief where the record fails to disclose any evidence that the "delay" has prejudiced the insurer and where the effect of the section would frustrate the reasonable expectation of payment of the insured. For the reasons that follow, I am of the view that the Shreibers should have been allowed to maintain their suit for recovery under the terms of the policy.

In this record, it is uncontroverted that the Schreibers, the insured, fulfilled all of the conditions precedent under the terms of the existing policy to receive compensation for their loss. They had entered into the contract with the insurer for coverage for the type of loss sustained in this case, their premium was paid in full, and they had complied with the policy terms in prompt notification of the loss and submission of the proof of loss. The record does not reflect that prior to their institution of suit the insurer had in any way communicated to the insured that the claim would be rejected or that the information supplied to it, by the Schreibers, was in any way deficient or inadequate.

An appropriate analysis of the consideration of the issues raised in the instant appeal must begin with an understanding of the nature of a suit limitation clause. Our law provides for statutes of limitation which represents a societal determination that at some point in time individuals should have their exposure to liability terminated and that stale claims are inherently unfair to those required to defend against them. *Estate of Gasbarini v. Medical Center of Beaver County, Inc.*, 487 Pa. 266, 409 A.2d 343 (1979); *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971); *Ulakovic v. Metropolitan Life Ins. Co.*, 339 Pa. 571, 16 A.2d 41 (1940). The law has also recognized that parties have a right in their contractual dealings to further limit the time during which resort to the courts may be had to resolve a dispute that arises from their contractual relationship. *General State Authority v. Planet Ins. Co.*, 464 Pa. 162, 346 A.2d 265 (1975); *Lardas v. Underwriters Ins. Co.*, 426 Pa. 47, 231 A.2d 740 (1967); *Hocking v. Insurance Co.*, 130 Pa. 170, 18 A. 614 (1889); *Northwestern*

*Ins. Co. v. The Phoenix Oil and Candle Co.*, 31 Pa. 448 (1858). *See* also, *Riddlesbarger v. Hartford Ins. Co.*, 7 Wall. 386, 19 L.Ed. 257 (1869); *Southern Express Co. v. Caldwell*, 21 Wall. 264, 22 L.Ed. 556 (1875). The difference between the legislatively designed limitation of suit and that contracted between the parties is that the former represents a societal judgment as to when the right of suit should no longer be permitted. In the latter instance, it merely represents the agreement of the parties based on the normal considerations attendant in contractual relationships.

Contractural limitation of suit provisions are, like all other terms of a contract, subject to adjustment by the appropriate rules of equity. In the insurance field, the principles of equity controlling the terms of the policy have evolved under the rubric of right of expectation of payment. *Brakeman v. Potomac Ins. Co.*, 472 Pa. 66, 371 A.2d 193 (1977); *Rempel v. Nationawide Life Ins. Co.*, 471 Pa. 404, 370 A.2d 366 (1977); *Commonwealth v. Transamerica Ins. Co.*, 462 Pa. 268, 341 A.2d 74 (1975). This principle suggests that strict compliance to the myriad of terms in an insurance contract will not be permitted to defeat a legitimate expectation of payment where the asserted non-compliance has in no way adversely affected the position of the insurer.

For illustration, in *Brakeman v. Potomac Insurance Co., supra*, we held that the insurer would not be able to defeat the right of recovery of the insured without first bearing the burden of proving that the breach of the notice provision resulted in prejudice to the insured. In *Collister v. Nationwide Life Insurance Co.*, 479 Pa. 579, 388 A.2d 1346, cert. denied 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 55 (1979), we said that the courts should be concerned with assuring that the insurance purchasing public's reasonable expectations are fulfilled and insurers should not be permitted to enjoy the benefit of a premium being paid at the time of application, as was done here, without giving comparable benefits in return to the insured.

In *August v. Stasak*, 492 Pa. 550, 424 A.2d 1328 (1981) in determining whether to give *Brakeman* applicability to cases

on appeal at the time of the decision, we balanced the hardship of forfeiture against the hardship to the insurer from a retroactive application of *Brakeman.* "The insured, appellees in this case, had a reasonable expectation that the coverage would not be forfeited by non-prejudicial late notice.... The insurance company is being called upon to perform its duty of indemnification, for which it has received full premiums—this can hardly be counted as a hardship."

In *Jarvis v. Workmen's Compensation Appeal Board,* 497 Pa. 379, 441 A.2d 1189 (1981) we held that an insurer breached a duty in failing to notify the insured of its intention not to offer a policy renewal of Workmen's Compensation. This result was reached despite a contrary holding in *Luther v. Coal Operators Casualty Co.,* 379 Pa. 113, 108 A.2d 691 (1954). We reasoned the realities of insurance industry customs and the concomitant expectations of parties of insurance contracts were not reflected in the rationale employed in *Luther.*

The majority attempts to distinguish the instant case by virtue of the fact that the provisions of fire insurance policies are legislatively prescribed. It is argued that the expectation of payment concept is not appropriate because the element of adhesion which is normally present in contracts of insurance has been removed because of the legislative imprimatur to the policy provisions. However, our case law has made clear that although the terms are directed by the legislature to be included in such policies the relationship between the parties remains unchanged, i.e., a contractual one. *General State Authority v. Planet Ins. Co., supra; Lardas v. Underwriters Ins. Co., supra; Chauvin v. Superior Fire Insurance Co.,* 283 Pa. 397, 129 A. 326 (1925); *Gratz v. Ins. Co. of North America,* 282 Pa. 224, 127 A. 620 (1925).

The fact that the legislative prescription of a policy provision may indicate its fairness in the abstract does not preclude its unfairness in a particular application. This has been recognized by our courts which have permitted equitable principles to modify and alter legislatively prescribed

terms within such context. *See, Roberts v. Fireman's Ins. Co.*, 376 Pa. 99, 101 A.2d 747 (1954) cited in *Brakeman v. Potomac, supra*, wherein we held that the right to subrogation, afforded by the standard form of fire insurance policy under the Act of April 25, 1945, P.L. 307, Section 1, 40 P.S. § 657, and included in the policy shall be governed by equitable principles. *See also McMeekin v. Prudential Insurance Co. of America*, 348 Pa. 568, 36 A.2d 430 (1944) (six-year statute of limitations held not to bar the right to institute suit); *Arlotte v. National Liberty Insurance Co.*, 312 Pa. 442, 167 A. 295 (1933) (notice and proof of loss prescription may be waived by company's conduct); *Fedas v. Insurance Co. of State of Pa.*, 300 Pa. 555, 151 A. 285 (1930) (waiver in writing prescription may be waived by implication).

I believe that this record requires the application of equitable principles to avoid the harsh and inequitable result that the majority today countenances. It first must be noted that the adversarial posture that exists where one is seeking recovery from an insurer of an alleged tort feasor is not here present. Lumbermens undertook to protect and insulate the Shreibers from the loss which occurred here. It was that very promise of protection which formed the basis for the relationship and for which Lumbermens received the full premium. As indicated earlier, the conditions imposed upon the insured to obtain recovery were met. Under the terms of the contract, a carefully designed scheme has been developed to reinforce that relationship of trust, confidence, fairness and good faith.[1]

The "When loss payable" clause,[2] the "Appraisal" clause [3] and the limitation of suit provision, all legislatively pre-

1. *See Commonwealth v. Transamerica Ins. Co.*, 462 Pa. 268, 341 A.2d 74 (1975); *Arlotte v. National Liberty Ins. Co.*, 312 Pa. 442, 167 A. 295 (1933); *Fedas v. Ins. Co. of State of Pa.*, 300 Pa. 555, 151 A. 285 (1930).

2. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company ex-

scribed,[4] establish a procedure available to the parties of a fire insurance contract when the non-adversary relationship begins to crumble. While it has been held that an insured may obtain an injunction enforcing the appraisal process, *Ice City, Inc. v. Insurance Co. of North America*, 456 Pa. 210, 314 A.2d 236 (1975), that avenue is not available when the insurer does not notify the insured of its objections to the proof of loss or accounting.[5]

The scheme set forth in the policy provided that after the insured submitted evidence of the loss an opportunity would be given to the insurer to examine the materials presented and make a determination as to the legitimacy of the claim. Where a question arises as to the adequacy of the information submitted or the validity of the damage claimed, the

pressed in writing or by the filing with this Company of an award as herein provided.

3. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

4. See Act of May 17, 1921, P.L. 682, Article V, § 506, 40 P.S. § 636, as amended.

5. Such failure (to notify the insured of the defect) has been held to be a breach of duty on the part of the insurer. *See, McMeekin v. Prudential Ins. Co.*, 348 Pa. 568, 36 A.2d 430 (1944); *Stonsz v. Equitable Life Assur. Soc.*, 328 Pa. 97, 187 A. 403 (1936); *Arlotte v. National Liberty Co.*, 312 Pa. 442, 167 A. 295 (1933); *Jenkins v. Franklin Insurance Co.*, 282 Pa. 380, 127 A. 836 (1924); *Davis Shoe v. Kittanning Ins. Co.*, 138 Pa. 73, 20 A. 838 (1890). The triggering device that notifies the insured of the need to resort to the remedy of appraisal is an expression by the insurer of a challenge to the submitted claim.

appraisal procedure provides for a method of dispute resolution. Only after failure to resolve the differences through this procedure is the institution of suit envisioned.

In this context, it is also of significance that although the limitation of suit clause describes the period within which the action is to be commenced as being "12 months next from the inception of the loss," our court decisions have interpreted the inception of the loss as being the date of the fire. *General State Authority v. Planet Ins. Co., supra; Lardas v. Underwriters Ins. Co., supra.* This section, as it has been judicially interpreted when placed in juxtaposition with the "When loss payable clause," reveals a potential anomaly which becomes a reality as a result of today's ruling.[6] Since it was the judicial interpretation of the legislative meaning of "inception of loss" that has contributed to the tension between the limitation of suit clause and the "When loss payable clause," it is obviously a responsibility of judicial interpretation to adjust those provisions in such a manner as to avoid the possibility of merely an illusory right to institute suit for a meritorious claim. Here the Schreibers are denied access to the courts for non-compliance with the terms where: (a) the asserted non-compli-

6. The insured could not have filed suit on the date of the fire. *Hocking v. Insurance Co.,* 130 Pa. 170, 18 A. 614 (1889), approved and reinforced in *Fratto v. New Amsterdam Casualty Co.,* 434 Pa. 136, 252 A.2d 606 (1969). The insured also could not have brought suit prior to sixty days after the filing of a proof of loss. *Hocking v. Insurance Co., supra; Commercial Union Assurance Company of London v. Hocking,* 115 Pa. 407, 8 A. 589 (1886); *German American Insurance Co. v. Hocking,* 115 Pa. 398, 8 A. 586 (1886); *Howard Ins. Co. of N.Y. v. Hocking,* 115 Pa. 415, 8 A. 592 (1886). *See also, York Apparel v. Employers Commercial Union Insurance Co.,* 59 D. & C.2d 371 (1972) (complaint dismissed on grounds of prematurity, citing *Hocking* cases and *Fratto* ). There is a question as to whether, under the facts as interpreted by the majority, the insurer here could have been excused for not having obtained an appraisal or arbitration award prior to the commencement of suit, which is a condition precedent to an action by the insured. *See, Ice City, Inc. v. Ins. Co. of N.A.,* 456 Pa. 210, 314 A.2d 236 (1975); *Chauvin v. Superior Fire Ins. Co.,* 283 Pa. 397, 129 A. 326 (1925). Certainly the possibility of the Schreibers having a claim which does not become payable before the expiration of twelve months next from the date of the inception of the loss (date of the fire) depends largely upon the pleasure of the insurer and its asserted defenses.

ance in no way prejudiced the insurer and (b) all of the equities of the circumstances cry out for a remedy.

The crux of the injustice in this case is that the asserted non-compliance in fact results from the confusion arising from the obvious tensions between the limitation of suit clause, as it has been judicially interpreted, and the "When loss payable clause." The inequities flowing from that confusion are reflected in the Schreibers lack of notice of the necessity of utilizing the arbitration features of the policy, the uncertainty of the ripeness of the action during the one-year period from the date of the fire and, finally, that they were ultimately deprived of suing to recover for a loss sustained where the liability for the obligation has never been contested.