**ESBRANDT, Donna C. and Esbrandt, Philip S.**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.**

**Civ. A. No. 82–1980.**

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1983.

James E. McErlane, West Chester, Pa., for plaintiff.

Edward W. Madeira of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

---

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

■ Now before the court in this diversity action[1] is the summary judgment motion of defendant, Provident Life Insurance Company. Defendant seeks judgment on the ground that, as a matter of Pennsylvania law, which the parties agree is controlling, the failure of plaintiffs, Donna and Philip Esbrandt, to bring this action within the three-year suit limitation period provided in their insurance policy bars recovery. I agree, and I will therefore grant summary judgment for the defendant.

■ The genuine issues of material fact are not in dispute.[2] Dr. Donna Esbrandt is a physician stricken by multiple sclerosis (MS). Several years ago when she joined a group medical practice in Springfield, Massachusetts, a group disability policy with defendant was part of her employment package. Prior to obtaining coverage, she was examined by a physician who had been retained by defendant. Upon returning to Pennsylvania, she continued the disability policy with defendant. The policy lapsed for non-payment of the premium due on November 1, 1975 and was terminated. The policy was reinstated effective February 23, 1976 after Dr. Esbrandt completed an application for reinstatement. On December 8, 1976, shortly after her affliction was diagnosed as MS, Dr. Esbrandt gave defendant timely written notification of her disability claim. She signed a release, authorizing defendant to obtain her medical records and contact her neurologist. After completing its investigation, defendant notified Dr. Esbrandt that it denied her claim on the ground that she failed to disclose certain information based upon which defendant would have denied her coverage. On May 4, 1982, plaintiffs filed this action.

Plaintiffs do not dispute that the disability insurance policy provides that no legal action to recover on the policy may be brought more than three years after the time written notice of loss is required to have been furnished.[3] Nor do plaintiffs controvert that, according to this provision, they should have filed this suit on or before April 15, 1981. Moreover, plaintiffs do not advance any reason for not filing this suit by that date.

Asserting that plaintiffs' suit is time-barred by the contractual suit limitation clause, defendant relies upon a long line of Pennsylvania Supreme Court decisions upholding similar contractual provisions.[4] Plaintiffs counter with *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977), where the court discussed the public interest in protecting accident victims. The

1. When exercising diversity jurisdiction, a federal court must follow the substantive law that the forum state would follow. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Summary judgment cannot be granted where a genuine issue of material fact is disputed. *National Association of Government Employees v. Campbell,* 593 F.2d 1023 (D.C.Cir.1978); *Taylor v. Rederi,* 374 F.2d 545 (3d Cir.1967); Fed.R.Civ.P. 56.

3. Under Pennsylvania law, a suit limitation clause must be included in every insurance contract delivered or issued for delivery to a resident of the Commonwealth. 40 P.S. § 753(A)(11) (Purdon's 1980).

4. *See, e.g., Schreiber v. Pennsylvania Lumberman's Mutual Insurance Co.,* 498 Pa. 21, 444 A.2d 647 (1982) (affirming dismissal of suit for failure to commence it within one year of con-

tractual limitation period); *General State Authority v. Planet Insurance Co.,* 464 Pa. 162, 165–66, 346 A.2d 265, 267 (1975) (enforcing contractual limitation clause even though insured was not aware of loss before one-year period expired); *Fratto v. New Amsterdam Casualty Co.,* 434 Pa. 136, 140, 252 A.2d 606, 607 (1969) (enforcing contractual limitation clause in state court despite both dismissal *sua sponte* for jurisdictional defects of timely-filed federal suit after the limitation period had run and admission by defendant of truth of plaintiff's claim in federal suit); *Lardas v. Underwriters Insurance Co.,* 426 Pa. 47, 53, 231 A.2d 740, 746 (1967) (dismissing suit brought three weeks and three days after expiration of contractual limitation period affirmed); *Selden v. Metropolitan Life Insurance Co.,* 354 Pa. 500, 405, 47 A.3d 687, 688 (1946) upholding clause requiring suit to be commenced within two years after proof of loss must be filed.

court held that an insurer, who seeks to be relieved of its obligation under a policy on the basis of an insured's failure promptly to notify the insurer of loss, must prove both breach of the contractual notice provision and resultant prejudice to the insurer.[5]

■ I conclude that the cases upon which defendant relies are dispositive of the issue *sub judice.* The Pennsylvania Supreme Court has upheld the application of suit limitation clauses in a wide variety of circumstances, including a case in which the record did not reveal that the insurer had ever communicated to the insured its decision to reject the claim of loss. *See Schreiber v. Pennsylvania Lumberman's Mutual Insurance Co.,* 498 Pa. 21, 444 A.2d 647 (1982). The court has made clear that a suit limitation provision "may be extended or waived where the actions of the insurer lead the insured to believe that the contractual limitation period will not be enforced." *Id.* at 649. However, plaintiffs in the instant case have not alleged that defendant either implicitly suggested or explicitly stated that a delay in bringing suit was permissible.

Under these circumstances, I am constrained to conclude that, as a matter of Pennsylvania law, plaintiffs' claim is time-barred. Accordingly, I will grant the summary judgment for defendant.

---

**5.** As was the court in *Brakeman,* this court is mindful of the gross lack of bargaining power between the insured and an insurer. At issue in *Brakeman* was a notice provision which the insurer *chose* to insert into its policy and which, consequently, had some of the characteristics of an adhesion clause. 371 A.2d at 196–97. At issue here is a suit limitation clause, which is *required* by state law. *See supra* note 3.