Rachel LAUGHTON

v.

CHESTER COUNTY MUTUAL INSURANCE COMPANY.

No. 84–5527.

United States District Court,
E.D. Pennsylvania.

Feb. 28, 1985.

Thomas R. Hecker, Langhorne, Pa., for plaintiff.

Laura J. Meltzer, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiff brought suit against her insurance carrier, seeking coverage for loss of

her oriental rugs. Plaintiff had stored the rugs with the Zawicki Rug Company, in Wilmington, Delaware. On or about September 28, 1981, plaintiff discovered that Zawicki's premises were empty. Subsequently she notified defendant of her loss, and sought coverage. Defendant disclaimed under the policy. Plaintiff eventually commenced suit on November 9, 1984. Defendant has moved for summary judgment on the grounds that plaintiff failed to commence suit within twelve (12) months after inception of the loss, as required by the insurance policy. For the reasons discussed below, defendant's motion will be granted, and judgment entered in favor of defendant.

As a preliminary matter, the parties raise a choice of law issue. Defendant claims that New Jersey substantive law applies to this diversity suit; plaintiff argues in favor of Pennsylvania's law.[1] Upon review, however, it appears that this is a "false conflicts" situation.

In this case, the homeowners insurance policy contains the following clause:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, *and unless commenced within twelve months after inception of the loss.*" (emphasis supplied).

This provision operates as a complete bar to plaintiff's suit. Such limitations have been upheld by both the New Jersey and Pennsylvania courts. *E.g., Peloso v. Hartford Fire Insurance Co.*, 56 N.J. 514, 267 A.2d 498 (1970); *Schreiber v. Pennsylvania Lumberman's Mutual Insurance Co.*, 498 Pa. 21, 444 A.2d 647 (1982); *General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 346 A.2d 265 (1975).[2] Under the most generous interpretation of the facts in plaintiff's favor, under both Pennsylvania and New Jersey law, plaintiff's claim is barred by the one year limitation. The parties agree on essentially all the facts set forth below.

Plaintiff discovered on or about September 28, 1981 that her oriental rugs were missing. At the earliest, she reported the loss to defendant on November 11, 1981.[3] On October 27, 1982, in a letter to plaintiff's attorney, defendant disclaimed on the basis of coverage. Defendant sent another letter denying coverage on May 4, 1983. This second letter was sent directly to plaintiff. Subsequently, plaintiff retained new counsel, who inquired as to the status of plaintiff's claim on November 1, 1983. In response, defendant reiterated its position (denial of coverage) to plaintiff's new and current counsel in a letter dated November 4, 1983. No further communication occurred between the parties until plaintiff filed suit on November 9, 1984.

---

1. As defendant notes, plaintiff was a resident of New Jersey when the Policy was issued by a New Jersey agent of defendant's and the contract was signed in New Jersey. Defendant is a Pennsylvania corporation. The Zawicki Company was located in Delaware, and plaintiff is now a Massachusetts resident. Neither party contends Delaware or Massachusetts substantive law should apply.

Were there a true conflicts of law issue, I would look to Pennsylvania's choice of law, *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); and use Pennsylvania's modern two-part qualitative approach: determine the interests and significant contacts of the relevant states. *Melville v. American Home Assurance Co.*, 584 F.2d 1306 (3d Cir.1978); *Griffith v. United Airlines*, 416 Pa. 1, 203 A.2d 796 (1964).

2. The policy, in part, provides coverage for loss by fire. The Pennsylvania legislature mandates

a twelve month suit limitation, 40 P.S. § 636, as does New Jersey statute, N.J.S.A. 17:36–5.20.

Although plaintiff's claimed loss was under a theft provision in the policy, plaintiff advances no reason for a different disposition. The twelve month suit limitation clause is set forth in a general section of the policy, applicable to the entire policy.

3. Defendant states that plaintiff submitted her claim to defendant on or about November 11, 1981. For some unknown reason, plaintiff avers that she waited until March 28, 1982 to file a claim with defendant. As discussed below, under New Jersey's tolling provisions, defendant's representation of an earlier report is advantageous to plaintiff, and so for purposes of defendant's summary judgment motion, I will assume plaintiff reported her loss at the earlier date.

Absent any extraordinary circumstances, none of which are alleged here, plaintiff's suit is unquestionably barred under Pennsylvania law. The Commonwealth generally adheres to the one year limitation. The time is measured from plaintiff's "inception of loss"—here, September 28, 1981, when she discovered that the rugs were no longer at Zawicki's storage facility. Plaintiff waited until November 9, 1984 to file suit—more than three years after she discovered her loss.

Plaintiff argues that Pennsylvania courts add an equitable dimension to insurance contracts, which justify an extension of time under the suit limitation clause. Relying upon *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977), plaintiff claims that defendant must show how the extension would prejudice its interests. *Brakeman* is not applicable to this case. In *Brakeman* the Supreme Court of Pennsylvania held that even where an insured has breached the notice provisions in an insurance contract, the carrier remains obligated under the contract, absent a showing by the carrier of prejudice to its interests. This equitable requirement is designed to effectuate the purpose of notice provisions; namely, to advise a carrier of the loss in sufficient time to allow an adequate investigation of the claims by the carrier.

In a recent Pennsylvania Supreme Court case, *Schreiber v. Pennsylvania Lumberman's Insurance Co., supra,* the court refused to apply *Brakeman* to a suit limitation clause, absent a showing of conduct by the carrier which reasonably induced the insured to wait. *Id.,* 444 A.2d at 649. No such claim has been made or could reasonably be made here.

Plaintiff also argues that, under Pennsylvania law, a showing of the carrier's negligence in failing to properly and fully investigate the insured's claim, or some similar misleading behavior extends the suit limitation clause. *See Diamon v. Penn Mutual Fire Insurance Co.,* 247 Pa.Super. 534, 372 A.2d 1218 (1977). Plaintiff has not demonstrated that the carrier acted in any way that could be construed as an indication that defendant was still investigating plaintiff's claim, or that plaintiff was suspected of any misconduct in the filing of her claim. Therefore, any reliance on *Diamon* is misplaced. In *Diamon,* the Pennsylvania Superior Court found that a carrier's bad faith accusation of willful misconduct by the insured resulting in a negligently conducted investigation would extend the suit limitation clause. *Diamon, supra,* 372 A.2d at 1225–28; *see also Leone v. Aetna Casualty & Surety Co.,* 599 F.2d 566, 569 (3d Cir.1979) (interpreting *Diamon's* extending provisions).

New Jersey courts have adopted a more liberal approach to one year suit limitation clauses. In *Peloso v. Hartford Fire Insurance Co.,* 56 N.J. 514, 267 A.2d 498 (1970), the court held that the one year suit limitation provision runs from the date of the casualty and is tolled during the period of the carrier's investigation (from the time the insured reports the loss until the carrier formally disclaims). *Id.,* 267 A.2d at 501.[4]

Applying *Peloso,* the clock starts at the inception of the loss; thereafter the time is tolled from the time when the insured reports the loss to the carrier until the carrier completes its investigation by formally notifying the insured. Here, construing the facts most favorably for plaintiff, plaintiff notified defendant on November 11, 1981, forty-four (44) days after she discovered her loss. The time between November 11, 1981 and November 4, 1983 (the date of defendant's last letter denying coverage) tolled the suit limitation clause for

---

4. Initially the court interpreted the phrase "inception of the loss." Some states, including Pennsylvania, construed that phrase to mean from the date of the casualty; others found it runs from the time the cause of action accrues. The *Peloso* court adopted the former construction and tempered any potential harshness by

almost two years.[5] Plaintiff filed suit on November 9, 1984, more than one year after the time began to run again. In total, plaintiff waited approximately thirteen-and-a-half months to file suit after inception of the loss (excluding the tolled period). Plaintiff retained her present counsel for more than one year before suit was filed; this counsel received defendant's final letter of November 4, 1983 denying coverage. Plaintiff's counsel offers no explanation for this delay. I therefore feel compelled to dismiss plaintiff's suit as barred by the twelve month suit limitation clause.

incorporating a tolling provision for the time a carrier spends investigating the claim.

5. It is quite conceivable that defendant's earlier letters of October 27, 1982 or the one of May 4, 1983 completed the tolled period, since these letters clearly denied coverage. Neither letter hinted at any continuing investigation. Nonetheless, I need not decide the question, because even assuming defendant did not formally reject plaintiff's claim until the November 4, 1983 letter, plaintiff's suit is barred by the twelve month limitation.