Edward B. BLOCK

v.

DOUBLETREE HOTELS CORP. and
Unum Life Insurance Company
Of America.

No. CIV. A. 96–CV–5747.

United States District Court,
E.D. Pennsylvania.

May 19, 1998.

John D. Blumenthal, Doylestown, PA, for Plaintiff.

Michael J. Glasheen, Michael A. Alfano, McCarter & English, LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This declaratory judgment action is now before the Court upon motion of the remaining defendant,[1] Unum Life Insurance Company of America for summary judgment. For the reasons discussed below, the motion shall be granted.

### Background

In March, 1989, Plaintiff Edward Block was hired by Doubletree's predecessor in interest, the Beacon Hotel Corporation, as the Assistant Food and Beverage Director for the Holiday Inn in Trevose, Pennsylvania. On August 24, 1991, plaintiff suffered a work-related injury which, he contends, rendered him totally disabled. (Pl's Complaint, ¶s7–9). Unbeknownst to plaintiff, Beacon had a long-term disability insurance policy through Unum Life Insurance Company as a benefit for its employees. (Pl's Complaint, ¶10–11).

Plaintiff alleges that he first learned of the existence of the Unum disability policy in January, 1996 and that upon learning that the disability policy had been in force while he was working at the Holiday Inn, he promptly applied for benefits thereunder on January 25, 1996. Unum, in turn, denied plaintiff's benefits application on April 25, 1996 because it was not filed within ninety days of the three-month elimination period.[2]

---

1. On December 16, 1997, plaintiff settled his claims against Defendant Doubletree Hotels Corporation. This Memorandum and Order shall therefore address only plaintiff's claims against defendant Unum Life Insurance Company of America.

2. Specifically, the policy defines "elimination period" as "a period of consecutive days of disabili-

Although plaintiff sought review of the company's denial, the decision to deny was upheld via letter of July 18, 1996. (Pl's Complaint, ¶s 12–13).

Plaintiff thereafter brought this action by filing a *pro se* complaint in Bucks County's Magisterial District Court 07–1–07 [3] on July 24, 1996. The case was removed to this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) on August 19, 1996. By the complaint which he filed in this Court, plaintiff seeks a declaratory judgment in his favor and against Unum that he is entitled to benefits under the long term disability policy which it issued to Beacon/Doubletree and that, by denying him benefits, Unum breached the contract which it had with plaintiff and/or breached the duties which it owed him as a third party beneficiary under the policy. (Pl's Complaint, ¶s 14–17). Unum moves for summary judgment on the grounds that plaintiff's claims are time-barred due to his failure to submit a proof of claim within the time period set by the policy and his failure to file this lawsuit within the time allotted under the suit limitation clause in the policy.

### Standards Governing Summary Judgment Motions

The standards for determining whether summary judgment is properly entered in cases pending before the district courts are governed by Fed.R.Civ.P. 56. Subsection (c) of that rule states, in pertinent part,

> ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

In this way, a motion for summary judgment requires the court to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). *See Also: Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990).

As a general rule, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the court must view the facts in the light most favorable to the party opposing the motion and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa. 1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa. 1990).

When, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate may be entered against [it]." Fed.R.Civ.P. 56(e).

A material fact has been defined as one which might affect the outcome of the suit under relevant substantive law. *Boykin v. Bloomsburg University of Pennsylvania*, 893

---

ty for which no benefit is payable. The elimination period is shown in the policy specifications and begins on the first day of disability."

**3.** Under 42 Pa.C.S. § 1515(a), district justice/magisterial district courts have jurisdiction over "[c]ivil claims ... wherein the sum de-

manded does not exceed $8,000, exclusive of interest and costs, in ... actions ... (i) in assumpsit, except cases of real contract where the title to real estate may be in question; (ii) in trespass ... and (iii) for fines and penalties by any government agency ..."

F.Supp. 378, 393 (M.D.Pa.1995) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*, citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### Discussion

As noted above, Defendant Unum argues that judgment should now be entered in its favor as a matter of law since plaintiff failed to comply with both the notification requirements and the suit limitation provisions of the disability income policy at issue. It is plaintiff's position that since he did not learn of the policy's existence until January, 1996, the contract's limitations periods should be tolled until that time and thus Unum should be estopped from invoking them to bar his claim.

Prior to 1977, a party claiming rights under a liability insurance policy in Pennsylvania had the burden of proving compliance with the terms and conditions of the policy. The determination of whether to relieve the insurer of its obligations under the policy for late notice depended only on the length of delay in giving notice and the reasons offered to excuse the delay. In *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977), however, the Supreme Court altered this general rule and instead required the insurance company to prove not only that the notice provision was breached but also that it suffered prejudice as a consequence. *Id.*, 371 A.2d at 196. *See Also: Schreiber v. Pennsylvania Lumberman's Mutual Insurance Company*, 498 Pa. 21, 444 A.2d 647 (1982); *Trustees of University of Pennsylvania v. Lexington Insurance Co.*, 815 F.2d 890, 892 (3rd Cir.1987); *Compagnie Des Bauxites de Guinea v. Insurance Company of North America*, 794 F.2d 871, 875 (3rd Cir.1986); *Innopac International Inc. Group Health Plan v. John Hancock Mutual Life Insurance Co.*, 1995 WL 71494 (E.D.Pa. 1995); *Life and Health Ins. Co. of America v. Federal Insurance Co.*, 1993 WL 326404 (E.D.Pa.1993).

Although there have been numerous instances in which it was argued that the *Brakeman* rationale should be extended to suit limitations clauses, those courts which have considered the issue to date have declined to do so in the absence of a showing that the actions of the insurer lead the insured to believe the contractual limitation period would not be enforced. *Hospital Support Services, Ltd. v. Kemper Group, Inc.*, 889 F.2d 1311, 1315 (3rd Cir.1989); *Laughton v. Chester County Mutual Ins. Co.*, 641 F.Supp. 40, 42 (E.D.Pa.1985); *Hamilton Bank v. Export–Import Bank of U.S.*, 634 F.Supp. 195, 201–202 (E.D.Pa.1986); *Esbrandt v. Provident Life and Accident Ins. Co.*, 559 F.Supp. 23, 25 (E.D.Pa.1983); *Schreiber, supra.*, 444 A.2d at 651, citing *General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 165, n. 6, 346 A.2d 265, 267, n. 6 (1975) and *Commonwealth v. Transamerica Insurance Co.*, 462 Pa. 268, 341 A.2d 74 (1975). *See Also: Metal Bank of America, Inc. v. Insurance Co. of North America*, 360 Pa.Super. 350, 520 A.2d 493, 497 (1987).

In this case, the Unum Disability Policy under which plaintiff seeks benefits provides in pertinent part as follows:

## SECTION VI—GENERAL POLICY PROVISIONS

......F. NOTICE AND PROOF OF CLAIM

**1. Notice**

a. Written notice of claim must be given to the Company within 30 days of the date disability starts, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.

......H. LEGAL PROCEEDINGS

A claimant or the claimant's authorized representative cannot start any legal action:

   1. until 60 days after proof of claim has been given; nor

   2. more than 3 years after the time proof of claim is required.

■] As the rather limited record which has been provided in this case makes clear, Mr. Block did not give notice of his claim nor

**324**

apply to Unum for disability benefits until January 25, 1996—some four-and-one-half years after he suffered his disabling injury. (Exhibit "B" to Defendant's Memorandum of Law in Support of Motion for Summary Judgment). While defendant has failed to produce any evidence whatsoever that it was prejudiced in any manner by Mr. Block's failure to timely give notice of his claim, plaintiff, on the other hand, has produced no evidence that Defendant did anything which led him to believe that the 3-year suit limitation found in Section VI(H) of the policy would not be enforced. Plaintiff has likewise cited no authority that the defendant insurance company (as opposed to his employer) had any duty to inform him that his employer had obtained insurance on his behalf. Accordingly, defendant's motion for summary judgment on the basis of the notice of claim provision must be denied.

■ However, we likewise believe, as did the Pennsylvania Superior Court, the Third Circuit and the fellow members of this Court have found, that the Pennsylvania Supreme Court would hold that *Brakeman* would not apply to the suit limitation clause and that that provision must be enforced. For this reason, summary judgment shall be entered in favor of defendant and against plaintiff pursuant to the attached order.

### *ORDER*

AND NOW, this 19th day of May, 1998, upon consideration of the Motion for Summary Judgment of Defendant Unum Life Insurance Company and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED and Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint and Amended Complaint in no amount.[4]

---

4. Although this court granted plaintiff leave to file an amended complaint on May 12, 1998, our comparison of the original and amended complaints discloses no significant differences with the exception of the formal pleading by plaintiff that defendant should be estopped from denying his claim due to its failure to inform him that his employer had procured the disability policy at issue. Inasmuch as we have considered the estoppel argument in the disposition of defendant's summary judgment motion, judgment is entered in favor of defendant with regard to both the original and the amended complaints.